## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **Urban Brands, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 51-0373678 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **100% Girls Ltd.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3614150 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **100% Girls of Georgia, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3614159 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **100% Girls of New York, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3572149 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **100 Percent Girls of New Jersey, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3614167 | ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| A.S. Interactive, Inc., | ) Case No. 10-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 26-1793472 | ) |
| In re: | ) Chapter 11 |
| | ) |
| Ashley Stewart Ltd., | ) Case No. 10-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 13-3614541 | ) |
| In re: | ) Chapter 11 |
| | ) |
| Ashley Stewart Apparel Corporation, | ) Case No. 10-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 22-3494049 | ) |
| In re: | ) Chapter 11 |
| | ) |
| Ashley Stewart Clothing Company, Inc., | ) Case No. 10-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 22-3494051 | ) |
| In re: | ) Chapter 11 |
| | ) |
| Ashley Stewart Management Co., Inc., | ) Case No. 10-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 22-3494053 | ) |

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **Ashley Stewart Woman Ltd.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3614152 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **ASIL 6, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3493996 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **ASNJ 10, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3494004 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Carraizo Alto Apparel Corporation,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-2234651 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Church Street Retail, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 13-3665954 | ) | |

3

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **Kid Spot Ltd,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3612585 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Kidspot of Delaware, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3612596 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Kidspot of Illinois, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3612606 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Kidspot of Michigan, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3612603 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Kidspot of New Jersey, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3612601 | ) | |

4

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Kidspot of Ohio, Inc., | ) Case No. 10-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 22-3664705 | ) |
| In re: | ) Chapter 11 |
| | ) |
| Kidspot of Pennsylvania, Inc., | ) Case No. 10-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 22-3612599 | ) |
| In re: | ) Chapter 11 |
| | ) |
| Kidspot of Texas, Inc., | ) Case No. 10-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 22-3623809 | ) |
| In re: | ) Chapter 11 |
| | ) |
| Large Apparel of Alabama, Inc., | ) Case No. 10-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 22-3760624 | ) |
| In re: | ) Chapter 11 |
| | ) |
| Large Apparel of California, Inc., | ) Case No. 10-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 22-3592129 | ) |

5

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **Large Apparel of Connecticut, Inc.,** | ) Case No. 10-_____ (\_\_\_\_\_) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 13-3695161 | ) |
| In re: | ) Chapter 11 |
| | ) |
| **Large Apparel of District of Columbia, Inc.,** | ) Case No. 10-_____ (\_\_\_\_\_) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 22-3528613 | ) |
| In re: | ) Chapter 11 |
| | ) |
| **Large Apparel of Florida, Inc.,** | ) Case No. 10-_____ (\_\_\_\_\_) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 22-3622209 | ) |
| In re: | ) Chapter 11 |
| | ) |
| **Large Apparel of Georgia, Inc.,** | ) Case No. 10-_____ (\_\_\_\_\_) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 22-3523894 | ) |
| In re: | ) Chapter 11 |
| | ) |
| **Large Apparel of Illinois, Inc.,** | ) Case No. 10-_____ (\_\_\_\_\_) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 13-3774650 | ) |

RLF1 3606952v. 1

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Large Apparel of Indiana, Inc., | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3494055 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Large Apparel of Louisiana, Inc., | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3623790 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Large Apparel of Maryland, Inc., | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 13-3695158 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Large Apparel of Michigan, Inc., | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 13-3819420 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Large Apparel of Mississippi, Inc., | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3735913 | ) | |

7

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Missouri, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3592135 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of New Jersey, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 13-3695157 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of New York, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 13-3665956 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of North Carolina, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3528611 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Ohio, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3503815 | ) | |

RLF1 3606952v. 1

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Pennsylvania, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3494057 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of South Carolina, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 27-0002029 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Tennessee, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3523895 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Texas, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3623787 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Virginia, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 13-3732809 | ) | |

RLF1 3606952v. 1

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Wisconsin, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3523898 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Marianne Ltd.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3623940 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Marianne USPR, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3622193 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Marianne VI, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3622206 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Metro Apparel of Kentucky, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 55-0907533 | ) | |

RLF1 3606952v. 1

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **Metro Apparel of Massachusetts, Inc.,** | ) Case No. 10-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 14-1981367 | ) |
| In re: | ) Chapter 11 |
| | ) |
| **The Essence of Body & Soul, Ltd.,** | ) Case No. 10-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 22-3614165 | ) |
| In re: | ) Chapter 11 |
| | ) |
| **Urban Acquisition Corporation of New Jersey, Inc.,** | ) Case No. 10-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 22-3642976 | ) |
| In re: | ) Chapter 11 |
| | ) |
| **Urban Acquisition Corporation of New York, Inc.,** | ) Case No. 10-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 22-3724103 | ) |
| In re: | ) Chapter 11 |
| | ) |
| **Urban Brands TM Holding Co.,** | ) Case No. 10-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 22-3735909 | ) |

RLF1 3606952v. 1

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING
JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession (each, a "Debtor" and collectively, the "Debtors") submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, directing joint administration of their related chapter 11 cases. In support of this Motion, the Debtors rely on the *Declaration of Michael A. Abate in Support of First Day Motions* (the "Abate Declaration"), and respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

### A.      Introduction

3.      On September 21, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief (collectively, the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

RLF1 3606952v. 1

**B.**     **Overview of the Debtors' Business**

5.     The Debtors are a leading specialty retailer of fashion-forward and inspirational apparel for plus sized urban women under the brand name of Ashley Stewart. Urban Brands, Inc., a Delaware corporation, is the direct or indirect parent company of all of the Debtors. Until 2009, the Debtors also operated stores under the brand name of Marianne.

6.     The Ashley Stewart concept was founded in 1991 and has grown to become a nationally-recognized brand. According to an October 2009 industry survey by the NPD Group, a nationally recognized firm specializing in apparel research, plus sized African American women ranked Ashley Stewart third of all retailers, behind only Wal-Mart and Lane Bryant, as their favorite place to shop.

7.     Ashley Stewart operates broadly in the women's apparel market, which the NPD Group estimates is approximately $107 billion. Within women's fashion, Ashley Stewart focuses on the plus sized market, which is estimated to be over $18 billion and growing. Within this subset of the market, Ashley Stewart focuses on the underserved urban market, particularly the African American and Hispanic consumer, two of the fastest growing segments of the U.S. population. Ashley Stewart is one of the few concepts focusing directly on these particular niche markets.

8.     As of the Petition Date, the Debtors operate approximately 210 stores in 26 states with approximately 2,100 employees, the majority of which are minority women. The store base is reinforced by a strong online presence through AshleyStewart.com, providing both a marketing tool as well as an additional outlet for Ashley Stewart customers.

9.     Despite the strength of their brand names and success at individual store locations, the Debtors began suffering from cash flow/liquidity problems in 2007, especially in their Marianne division. The Debtors' financial difficulties continued in 2008 with the slow

down in the overall economy. As part of a strategic initiative to strengthen their balance sheet and improve their liquidity by focusing exclusively on the Ashley Stewart brand, in February 2008, the Debtors began divesting themselves of all of their Marianne stores. The proceeds from the Marianne divestitures, coupled with the reduction of the working capital investment needed to support the Marianne brand name, provided improvement in operating results and cash flow during fiscal year 2009 (ending January 30, 2010). Unfortunately, although the Debtors significantly reduced their net losses from approximately $44.3 million in 2008 to $28.6 million in 2009, the business continued to operate at a loss. Additionally, from fiscal year 2008 to fiscal year 2009, the Debtors net sales decreased from $179.6 million to $174.6 million.

## C.     The Debtors' Capital and Debt Structure

10.     The Debtors are borrowers under a Loan and Security Agreement dated as of September 3, 2004 (the "Prepetition Financing Agreement"), with Bank of America, N.A. (successor by merger to LaSalle Retail Finance, a Division of LaSalle Business Credit, LLC, as agent for LaSalle Bank Midwest National Association f/k/a Standard Federal Bank National Association) (the "Lender"). The Prepetition Financing Agreement was an asset-based facility with a maturity date of September 10, 2010. The availability for borrowings and letter of credit obligations under the Prepetition Financing Agreement was capped at $6.5 million and is further limited to an amount supported by a borrowing base consisting of certain cash, certain accounts receivable and eligible inventory. As of the Petition Date, the Debtors owe only approximately $2,251,651 plus interest on the facility with an additional $2,366,324 in outstanding letters of credit (all of which are fully collateralized by the Debtors' cash).

11.     In April 2004, the Debtors entered into a Note Purchase Agreement with a group of institutional investors led by Trimaran Fund II, L.L.C. ("Trimaran"), the Debtors' largest equity holder, and certain officers, employees and consultants of the Debtors. From August

14

2007 to November 2009, the Debtors entered into five additional note purchase agreements to raise additional capital. In total, the Debtors sold $58,500,000 in senior unsecured notes (the "Notes"). As of the Petition Date, the Debtors owe approximately $81.3 million on account outstanding principle and interest on the Notes.

**D.      Objectives of Chapter 11 Filing**

12.      In April 2010, the Debtors engaged Oppenheimer & Co. Inc. ("Oppenheimer") to assist the Debtors in searching for additional equity and/or mezzanine financing. Following exhaustive efforts to locate additional capital, the Debtors determined that there was insufficient interest in the market for this additional financing and, as a result, the Debtors' best alternative to preserve the Debtors' business as a going concern and maximize the value of their assets was to pursue a sale of all or substantially all the Debtors' assets.

13.      Accordingly, in August 2010, Oppenheimer expanded its marketing efforts to solicit interest from prospective purchasers of the Debtors and their assets as a going-concern. As a result of this process, New Ashley Stewart, LLC ("New Ashley" or the "Stalking Horse Bidder") emerged as the party submitting the highest and best bid for the Debtors' assets. Accordingly, the Debtors, with the approval of their board of directors, engaged in active negotiations with New Ashley regarding a potential going concern transaction and, on September 8, 2010, the Debtors and New Ashley executed a non-binding letter of intent. Following the execution of the letter of intent, the Debtors and their advisors actively negotiated with New Ashley regarding the definitive terms and conditions of an asset purchase agreement. The Debtors expect that on or shortly after the Petition Date, they will execute an asset purchase agreement with New Ashley (the "New Ashley Purchase Agreement"), which the Debtors will seek Court approval of pursuant to section 363 of the Bankruptcy Code following a Court sanctioned auction process.

RLF1 3606952v. 1

14.    The Debtors believe that a going-concern sale of the Debtors' business presents the best opportunity to maximize recoveries for creditors and preserve thousands of jobs for the Debtors' employees.  Accordingly, the Debtors expect to file a sale procedures motion on the first day of these Chapter 11 Cases and continue their efforts to solicit bids from other potentially interested parties.

## RELIEF REQUESTED

15.    By this Motion, the Debtors seek entry of an order directing joint administration of these Chapter 11 Cases for procedural purposes only.  The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Urban Brands, Inc., and that these Chapter 11 Cases be administered under a consolidated caption, as follows:

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **URBAN BRANDS, INC., et al.,**[1] | **Case No. 10-_____ (___)** |
| **Debtors.** | **Joint Administration Pending** |

16.     The Debtors also request that an entry be made on the docket of each of the Chapter 11 Cases, other than that of Urban Brands, Inc., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of Urban Brands, Inc. (3678), 100% Girls Ltd. (4150), 100% Girls of Georgia, Inc. (4159), 100% Girls of New York, Inc. (2149), 100 Percent Girls of New Jersey, Inc. (4167), A.S. Interactive, Inc. (3472), Ashley Stewart Ltd. (4541), Ashley Stewart Apparel Corporation (4049), Ashley Stewart Clothing Company, Inc. (4051),  Ashley Stewart

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Urban Brands, Inc. (3678), 100% Girls Ltd. (4150), 100% Girls of Georgia, Inc. (4159), 100% Girls of New York, Inc. (2149), 100 Percent Girls of New Jersey, Inc. (4167), A.S. Interactive, Inc. (3472), Ashley Stewart Ltd. (4541), Ashley Stewart Apparel Corporation (4049), Ashley Stewart Clothing Company, Inc. (4051), Ashley Stewart Management Co., Inc. (4053), Ashley Stewart Woman Ltd. (4152), ASIL 6, Inc. (3996), ASNJ 10, Inc. (4004), Carraizo Alto Apparel Corporation (4651), Church Street Retail, Inc. (5954), Kid Spot Ltd. (2585), Kidspot of Delaware, Inc. (2596), Kidspot of Illinois, Inc. (2606), Kidspot of Michigan, Inc. (2603), Kidspot of New Jersey, Inc. (2601), Kidspot of Ohio, Inc. (4705), Kidspot of Pennsylvania, Inc. (2599), Kidspot of Texas, Inc. (3809), Large Apparel of Alabama, Inc. (0624), Large Apparel of California, Inc. (2129), Large Apparel of Connecticut, Inc. (5161), Large Apparel of District of Columbia, Inc. (8613), Large Apparel of Florida, Inc. (2209), Large Apparel of Georgia, Inc. (3894), Large Apparel of Illinois, Inc. (4650), Large Apparel of Indiana, Inc. (4055), Large Apparel of Louisiana, Inc. (3790), Large Apparel of Maryland, Inc. (5158), Large Apparel of Michigan, Inc. (9420), Large Apparel of Mississippi, Inc. (5913), Large Apparel of Missouri, Inc. (2135), Large Apparel of New Jersey, Inc. (5157), Large Apparel of New York, Inc. (5956), Large Apparel of North Carolina, Inc. (8611), Large Apparel of Ohio, Inc. (3815), Large Apparel of Pennsylvania, Inc. (4057), Large Apparel of South Carolina, Inc. (2029), Large Apparel of Tennessee, Inc. (3895), Large Apparel of Texas, Inc. (3787), Large Apparel of Virginia, Inc. (2809), Large Apparel of Wisconsin, Inc. (3898), Marianne Ltd. (3940), Marianne USPR, Inc. (2193), Marianne VI, Inc. (2206), Metro Apparel of Kentucky, Inc. (7533), Metro Apparel of Massachusetts, Inc. (1367), The Essence of Body & Soul, Ltd. (4165), Urban Acquisition Corporation of New Jersey, Inc. (2976), Urban Acquisition Corporation of New York, Inc. (4103), and Urban Brands TM Holding Co. (5909). The Debtors' corporate offices are located at 100 Metro Way, Secaucus, New Jersey 07094.

Management Co., Inc. (4053), Ashley Stewart Woman Ltd. (4152), ASIL 6, Inc. (3996), ASNJ 10, Inc. (4004), Carraizo Alto Apparel Corporation (4651), Church Street Retail, Inc. (5954), Kid Spot Ltd. (2585), Kidspot of Delaware, Inc. (2596), Kidspot of Illinois, Inc. (2606), Kidspot of Michigan, Inc. (2603), Kidspot of New Jersey, Inc. (2601), Kidspot of Ohio, Inc. (4705), Kidspot of Pennsylvania, Inc. (2599), Kidspot of Texas, Inc. (3809), Large Apparel of Alabama, Inc. (0624), Large Apparel of California, Inc. (2129), Large Apparel of Connecticut, Inc. (5161), Large Apparel of District of Columbia, Inc. (8613), Large Apparel of Florida, Inc. (2209), Large Apparel of Georgia, Inc. (3894), Large Apparel of Illinois, Inc. (4650), Large Apparel of Indiana, Inc. (4055), Large Apparel of Louisiana, Inc. (3790), Large Apparel of Maryland, Inc. (5158), Large Apparel of Michigan, Inc. (9420), Large Apparel of Mississippi, Inc. (5913), Large Apparel of Missouri, Inc. (2135), Large Apparel of New Jersey, Inc. (5157), Large Apparel of New York, Inc. (5956), Large Apparel of North Carolina, Inc. (8611), Large Apparel of Ohio, Inc. (3815), Large Apparel of Pennsylvania, Inc. (4057), Large Apparel of South Carolina, Inc. (2029), Large Apparel of Tennessee, Inc. (3895), Large Apparel of Texas, Inc. (3787), Large Apparel of Virginia, Inc. (2809), Large Apparel of Wisconsin, Inc. (3898), Marianne Ltd. (3940), Marianne USPR, Inc. (2193), Marianne VI, Inc. (2206), Metro Apparel of Kentucky, Inc. (7533), Metro Apparel of Massachusetts, Inc. (1367), The Essence of Body & Soul, Ltd. (4165), Urban Acquisition Corporation of New Jersey, Inc. (2976), Urban Acquisition Corporation of New York, Inc. (4103), and Urban Brands TM Holding Co. (5909). All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-_____ (___).

## BASIS FOR RELIEF

17.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "(i)f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

18.     In addition, Local Rule 1015-1 provides as follows:

An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint

RLF1 3606952v. 1

administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

19. The joint administration of the Debtors' Chapter 11 Cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. Entering an order directing joint administration of the Debtors' Chapter 11 Cases will avoid the need for duplicative notices, motions, and applications, thereby saving time and expense. Joint administration also will enable parties in interest in each of the above-captioned Chapter 11 Cases to be apprised of the various matters before the Court in all of these cases.

20. Furthermore, because these cases involve hundreds of potential creditors, the entry of an order of joint administration will: (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court, (b) render the completion of various administrative tasks less costly, and (c) minimize the number of unnecessary delays associated with the administration of numerous separate Chapter 11 Cases. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only.

21. The entry of a joint administration order in multiple related cases is common and generally non-controversial in this district. See, e.g., In re: Hayes Lemmerz International, Inc.,

Case No. 09-11655 (MFW) (Bankr. D. Del. May 13, 2009); In re: Filene's Basement, Inc., 09-11525 (MFW) (Bankr. D. Del. May 5, 2009); In re: Abitibibowater Inc., Case No. 09-11296 (KJC) (Bankr. D. Del. Apr. 17, 2009); In re: Sportsman's Warehouse, Inc., Case No. 09-10990 (CSS) (Bankr. D. Del. Mar. 23, 2009); In re: Drug Fair Group, Inc., Case No. 09-10897 (BLS) (Walrath, J.) (Bankr. D. Del. Mar. 20, 2009); In re: The Fairchild Corporation, Case No. 09-10899 (CSS) (Bankr. D. Del. Mar. 20, 2009); In re: Masonite Corporation, Case No. 09-10844 (PJW) (Bankr. D. Del. Mar. 17, 2009); In re: Nortel Networks Inc., Case No. 09-10138 (KG) (Bankr. D. Del. Jan. 15, 2009); In re: Washington Mutual, Inc., Case No. 08-12229 (MFW) (Bankr. D. Del. Oct. 3, 2008).

22.     As set forth above and in the Abate Declaration, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of the Debtors' estates, their creditors and all other parties in interest.

### NOTICE

23.     No trustee, examiner or creditors' committee has been appointed in these Chapter 11 Cases. The Debtors will provide notice of this Motion by facsimile and/or overnight mail to: (a) the Office of the United States Trustee for the District of Delaware; (b) each of the Debtors' creditors holding the twenty (20) largest unsecured claims on a consolidated basis; (c) counsel to the Debtors' proposed postpetition secured lender; (d) counsel to Trimaran; (e) the Internal Revenue Service; and (f) the United States Department of Justice. As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

RLF1 3606952v. 1

## NO PRIOR REQUEST

24.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein and in the Abate Declaration, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (a) authorizing the joint administration of these Chapter 11 Cases, and (b) granting such other and further relief as is just and proper.

Dated: September 21, 2010
      Wilmington, Delaware

Respectfully submitted,

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Paul N. Heath (No. 3704)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

*Proposed Attorneys for the Debtors and
Debtors-in-Possession*

RLF1 3606952v. 1

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Urban Brands, Inc., | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 51-0373678 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| 100% Girls Ltd., | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3614150 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| 100% Girls of Georgia, Inc., | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3614159 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| 100% Girls of New York, Inc., | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3572149 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| 100 Percent Girls of New Jersey, Inc., | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3614167 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| A.S. Interactive, Inc., | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 26-1793472 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Ashley Stewart Ltd., | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 13-3614541 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Ashley Stewart Apparel Corporation, | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3494049 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Ashley Stewart Clothing Company, Inc., | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3494051 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Ashley Stewart Management Co., Inc., | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3494053 | ) | |

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Ashley Stewart Woman Ltd., | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3614152 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ASIL 6, Inc., | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3493996 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ASNJ 10, Inc., | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3494004 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Carraizo Alto Apparel Corporation, | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-2234651 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Church Street Retail, Inc., | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 13-3665954 | ) | |

3

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **Kid Spot Ltd,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3612585 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Kidspot of Delaware, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3612596 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Kidspot of Illinois, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3612606 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Kidspot of Michigan, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3612603 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Kidspot of New Jersey, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3612601 | ) | |

4

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Kidspot of Ohio, Inc., | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3664705 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Kidspot of Pennsylvania, Inc., | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3612599 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Kidspot of Texas, Inc., | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3623809 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Large Apparel of Alabama, Inc., | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3760624 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Large Apparel of California, Inc., | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3592129 | ) | |

RLF1 3606952v. 1

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Connecticut, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 13-3695161 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of District of Columbia, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3528613 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Florida, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3622209 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Georgia, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3523894 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Illinois, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 13-3774650 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Indiana, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3494055 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Louisiana, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3623790 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Maryland, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 13-3695158 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Michigan, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 13-3819420 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Mississippi, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3735913 | ) | |

RLF1 3606952v. 1

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Missouri, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3592135 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of New Jersey, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 13-3695157 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of New York, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 13-3665956 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of North Carolina, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3528611 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Ohio, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3503815 | ) | |

8

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Pennsylvania, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **TAX I.D. No. 22-3494057** | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of South Carolina, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **TAX I.D. No. 27-0002029** | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Tennessee, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **TAX I.D. No. 22-3523895** | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Texas, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **TAX I.D. No. 22-3623787** | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Virginia, Inc.,** | ) | Case No. 10-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **TAX I.D. No. 13-3732809** | ) | |

9

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **Large Apparel of Wisconsin, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3523898 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Marianne Ltd.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3623940 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Marianne USPR, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3622193 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Marianne VI, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3622206 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Metro Apparel of Kentucky, Inc.,** | ) | Case No. 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 55-0907533 | ) | |

10

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **Metro Apparel of Massachusetts, Inc.,** | ) | Case No. 10-_____ (\_\_\_\_\_) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 14-1981367 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **The Essence of Body & Soul, Ltd.,** | ) | Case No. 10-_____ (\_\_\_\_\_) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3614165 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Urban Acquisition Corporation of New Jersey, Inc.,** | ) | Case No. 10-_____ (\_\_\_\_\_) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3642976 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Urban Acquisition Corporation of New York, Inc.,** | ) | Case No. 10-_____ (\_\_\_\_\_) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3724103 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Urban Brands TM Holding Co.,** | ) | Case No. 10-_____ (\_\_\_\_\_) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 22-3735909 | ) | |

RLF1 3606952v. 1

## ORDER DIRECTING JOINT ADMINISTRATION
## OF THE DEBTORS' RELATED CHAPTER 11 CASES

Upon the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") directing the joint administration of the Debtors' related chapter 11 cases; and upon the *Declaration of Michael A. Abate in Support of First Day Motions*; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of this Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted.

2.    The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 10-_____ (___).

3.    The consolidated caption of the jointly administered cases should read as follows:

RLF1 3606952v. 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **URBAN BRANDS, INC., et al.,**[1] | ) | **Case No. 10-_____ (___)** |
| | ) | |
| | ) | **Joint Administration Pending** |
| **Debtors.** | ) | |

4.    An entry shall be made on the docket of each of the Debtors' cases, other than

that of Urban Brands, Inc., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the
> Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the
> Local Rules of Bankruptcy Practice and Procedure of the United
> States Bankruptcy Court for the District of Delaware directing
> joint administration of the chapter 11 cases of Urban Brands, Inc.
> (3678), 100% Girls Ltd. (4150), 100% Girls of Georgia, Inc.
> (4159), 100% Girls of New York, Inc. (2149), 100 Percent Girls of
> New Jersey, Inc. (4167), A.S. Interactive, Inc. (3472), Ashley
> Stewart Ltd. (4541), Ashley Stewart Apparel Corporation (4049),
> Ashley Stewart Clothing Company, Inc. (4051), Ashley Stewart
> Management Co., Inc. (4053), Ashley Stewart Woman Ltd. (4152),
> ASIL 6, Inc. (3996), ASNJ 10, Inc. (4004), Carraizo Alto Apparel
> Corporation (4651), Church Street Retail, Inc. (5954), Kid Spot

---

[1]    The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Urban Brands, Inc. (3678), 100% Girls Ltd. (4150), 100% Girls of Georgia, Inc. (4159), 100% Girls of New York, Inc. (2149), 100 Percent Girls of New Jersey, Inc. (4167), A.S. Interactive, Inc. (3472), Ashley Stewart Ltd. (4541), Ashley Stewart Apparel Corporation (4049), Ashley Stewart Clothing Company, Inc. (4051), Ashley Stewart Management Co., Inc. (4053), Ashley Stewart Woman Ltd. (4152), ASIL 6, Inc. (3996), ASNJ 10, Inc. (4004), Carraizo Alto Apparel Corporation (4651), Church Street Retail, Inc. (5954), Kid Spot Ltd. (2585), Kidspot of Delaware, Inc. (2596), Kidspot of Illinois, Inc. (2606), Kidspot of Michigan, Inc. (2603), Kidspot of New Jersey, Inc. (2601), Kidspot of Ohio, Inc. (4705), Kidspot of Pennsylvania, Inc. (2599), Kidspot of Texas, Inc. (3809), Large Apparel of Alabama, Inc. (0624), Large Apparel of California, Inc. (2129), Large Apparel of Connecticut, Inc. (5161), Large Apparel of District of Columbia, Inc. (8613), Large Apparel of Florida, Inc. (2209), Large Apparel of Georgia, Inc. (3894), Large Apparel of Illinois, Inc. (4650), Large Apparel of Indiana, Inc. (4055), Large Apparel of Louisiana, Inc. (3790), Large Apparel of Maryland, Inc. (5158), Large Apparel of Michigan, Inc. (9420), Large Apparel of Mississippi, Inc. (5913), Large Apparel of Missouri, Inc. (2135), Large Apparel of New Jersey, Inc. (5157), Large Apparel of New York, Inc. (5956), Large Apparel of North Carolina, Inc. (8611), Large Apparel of Ohio, Inc. (3815), Large Apparel of Pennsylvania, Inc. (4057), Large Apparel of South Carolina, Inc. (2029), Large Apparel of Tennessee, Inc. (3895), Large Apparel of Texas, Inc. (3787), Large Apparel of Virginia, Inc. (2809), Large Apparel of Wisconsin, Inc. (3898), Marianne Ltd. (3940), Marianne USPR, Inc. (2193), Marianne VI, Inc. (2206), Metro Apparel of Kentucky, Inc. (7533), Metro Apparel of Massachusetts, Inc. (1367), The Essence of Body & Soul, Ltd. (4165), Urban Acquisition Corporation of New Jersey, Inc. (2976), Urban Acquisition Corporation of New York, Inc. (4103), and Urban Brands TM Holding Co. (5909). The Debtors' corporate offices are located at 100 Metro Way, Secaucus, New Jersey 07094.

Ltd. (2585), Kidspot of Delaware, Inc. (2596), Kidspot of Illinois, Inc. (2606), Kidspot of Michigan, Inc. (2603), Kidspot of New Jersey, Inc. (2601), Kidspot of Ohio, Inc. (4705), Kidspot of Pennsylvania, Inc. (2599), Kidspot of Texas, Inc. (3809), Large Apparel of Alabama, Inc. (0624), Large Apparel of California, Inc. (2129), Large Apparel of Connecticut, Inc. (5161), Large Apparel of District of Columbia, Inc. (8613), Large Apparel of Florida, Inc. (2209), Large Apparel of Georgia, Inc. (3894), Large Apparel of Illinois, Inc. (4650), Large Apparel of Indiana, Inc. (4055), Large Apparel of Louisiana, Inc. (3790), Large Apparel of Maryland, Inc. (5158), Large Apparel of Michigan, Inc. (9420), Large Apparel of Mississippi, Inc. (5913), Large Apparel of Missouri, Inc. (2135), Large Apparel of New Jersey, Inc. (5157), Large Apparel of New York, Inc. (5956), Large Apparel of North Carolina, Inc. (8611), Large Apparel of Ohio, Inc. (3815), Large Apparel of Pennsylvania, Inc. (4057), Large Apparel of South Carolina, Inc. (2029), Large Apparel of Tennessee, Inc. (3895), Large Apparel of Texas, Inc. (3787), Large Apparel of Virginia, Inc. (2809), Large Apparel of Wisconsin, Inc. (3898), Marianne Ltd. (3940), Marianne USPR, Inc. (2193), Marianne VI, Inc. (2206), Metro Apparel of Kentucky, Inc. (7533), Metro Apparel of Massachusetts, Inc. (1367), The Essence of Body & Soul, Ltd. (4165), Urban Acquisition Corporation of New Jersey, Inc. (2976), Urban Acquisition Corporation of New York, Inc. (4103), and Urban Brands TM Holding Co. (5909). All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-_____ (___).

5.    One consolidated service list shall be maintained by the Debtors and kept by the Clerk of the United States Bankruptcy Court for the District of Delaware.

6.    All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-_____ (___).

7.    Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of the Debtors' Chapter 11 Cases.

8.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

RLF1 3606952v. 1

10.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010     _____
        Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

RLF1 3606952v. 1