IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Urban Brands, Inc., et al.,[1] ) | Case No. 10-13005 (KJC) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Re: Docket No. 34 |

## *CORRECTED* NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES WHICH MAY BE ASSUMED AND ASSIGNED, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE, IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND THE PROPOSED CURE AMOUNTS WITH RESPECT THERETO

PLEASE TAKE NOTICE THAT:

1. On September 22, 2010, the above captioned debtors and debtors in possession (collectively, the "Debtors") filed the **Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of**

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Urban Brands, Inc. (3678), 100% Girls Ltd. (4150), 100% Girls of Georgia, Inc. (4159), 100% Girls of New York, Inc. (2149), 100 Percent Girls of New Jersey, Inc. (4167), A.S. Interactive, Inc. (3472), Ashley Stewart Ltd. (4541), Ashley Stewart Apparel Corporation (4049), Ashley Stewart Clothing Company, Inc. (4051), Ashley Stewart Management Co., Inc. (4053), Ashley Stewart Woman Ltd. (4152), ASIL 6, Inc. (3996), ASNJ 10, Inc. (4004), Carraizo Alto Apparel Corporation (4651), Church Street Retail, Inc. (5954), Kid Spot Ltd. (2585), Kidspot of Delaware, Inc. (2596), Kidspot of Illinois, Inc. (2606), Kidspot of Michigan, Inc. (2603), Kidspot of New Jersey, Inc. (2601), Kidspot of Ohio, Inc. (4705), Kidspot of Pennsylvania, Inc. (2599), Kidspot of Texas, Inc. (3809), Large Apparel of Alabama, Inc. (0624), Large Apparel of California, Inc. (2129), Large Apparel of Connecticut, Inc. (5161), Large Apparel of District of Columbia, Inc. (8613), Large Apparel of Florida, Inc. (2209), Large Apparel of Georgia, Inc. (3894), Large Apparel of Illinois, Inc. (4650), Large Apparel of Indiana, Inc. (4055), Large Apparel of Louisiana, Inc. (3790), Large Apparel of Maryland, Inc. (5158), Large Apparel of Michigan, Inc. (9420), Large Apparel of Mississippi, Inc. (5913), Large Apparel of Missouri, Inc. (2135), Large Apparel of New Jersey, Inc. (5157), Large Apparel of New York, Inc. (5956), Large Apparel of North Carolina, Inc. (8611), Large Apparel of Ohio, Inc. (3815), Large Apparel of Pennsylvania, Inc. (4057), Large Apparel of South Carolina, Inc. (2029), Large Apparel of Tennessee, Inc. (3895), Large Apparel of Texas, Inc. (3787), Large Apparel of Virginia, Inc. (2809), Large Apparel of Wisconsin, Inc. (3898), Marianne Ltd. (3940), Marianne USPR, Inc. (2193), Marianne VI, Inc. (2206), Metro Apparel of Kentucky, Inc. (7533), Metro Apparel of Massachusetts, Inc. (1367), The Essence of Body & Soul, Ltd. (4165), Urban Acquisition Corporation of New Jersey, Inc. (2976), Urban Acquisition Corporation of New York, Inc. (4103), and Urban Brands TM Holding Co. (5909). The Debtors' corporate offices are located at 100 Metro Way, Secaucus, New Jersey 07094.

the Debtors' Assets Free and Clear Of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4)** [Docket No. 34] (the "Motion")[2] with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Court").

2.  Pursuant to the Motion, the Debtors seek the entry of an order (i) establishing bidding and auction procedures in connection with the sale of substantially all of the Debtors' assets (the "Assets"); (ii) approving proposed bid protections, including a break-up fee, as set forth in the Motion to New Ashley Stewart, LLC (the "Stalking Horse Bidder"), in accordance with that certain Asset Purchase Agreement dated September 21, 2010, (the "Stalking Horse Asset Purchase Agreement") for the purchase of the Assets; (iii) scheduling an auction (the "Auction") and setting a date and time for a sale hearing (the "Sale Hearing") for the sale of the Assets (the "Sale"), and approving the form and manner of notice thereof; (iv) establishing procedures (the "Proposed Notice Procedures") for noticing and determining cure amounts for executory contracts ("Executory Contracts") and unexpired nonresidential real property leases ("Real Property Leases") to be assumed and assigned in connection with the Sale; and (v) granting certain related relief. By the Motion, the Debtors further request that at the Sale Hearing, subject to the results of the Auction, this Court enter a sale order (i) approving and authorizing the Sale; (ii) authorizing the assumption and assignment of certain Executory Contracts and Real Property Leases; (iii) establishing assumption and assignment procedures and rejection procedures for the post-closing assumption or rejection of Executory Contracts and Real Property Leases; (iv) establishing guidelines for conducting store closing sales; (v) approving an agency agreement between the Debtors and Gordon Brothers Retail Partners, LLC, in connection with store closing sales; and (vii) extending the deadline to assume or reject Real Property Leases pursuant to section 365(d)(4) of the Bankruptcy Code.

3.  In accordance with the Proposed Notice Procedures, the Debtors hereby file this notice (the "Cure Notice") identifying (i) those Executory Contracts and Real Property Leases which may be assumed and assigned to the Stalking Horse Bidder, its designee(s) or such other Successful Bidder, either on the Closing Date or on/or before the Designation Deadline, in connection with the Sale of the Assets and in accordance with the procedures proposed in the Motion; and (ii) the proposed cure amount (the "Cure Amount") for each Executory Contract and Real Property Lease identified on the Cure Notice.

4.  The Stalking Horse Bidder has the committed capital to complete the transaction and capitalize the Debtors' balance sheet through its affiliate 1903 Equity Fund, L.P., a Delaware limited partnership. In connection with the signing of the Stalking Horse Asset Purchase Agreement, the 1903 Equity Fund, L.P. (the "Guarantor") entered into that certain Limited Guarantee dated as of September 21, 2010 with the Debtors whereby the Guarantor

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion. For a copy of the Motion, please contact the Debtors' claims and noticing agent, BMC Group, Inc. at (888) 909-0100.

agreed to guarantee the due and punctual payment by the Stalking Horse Bidder, as and when due, of its payment obligations under the Stalking Horse Asset Purchase Agreement through and including the Designation Deadline (as defined in the Stalking Horse Asset Purchase Agreement). Further adequate assurance information for the Stalking Horse Bidder (the "Stalking Horse Adequate Assurance Information") is available by contacting counsel to the Stalking Horse Bidder, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, NY 10178 (Attn: Steven J. Reisman, Esq. and Timothy A. Barnes, Esq.).

5. You have been identified as a party to an Executory Contract or Real Property Lease that the Debtors may seek to assume and/or assign. The Executory Contract or Real Property Lease with respect to which you have been identified as a non-Debtor counterparty, and the corresponding proposed Cure Amount for such Executory Contract or Real Property Lease has been set forth on <u>Exhibit 1</u> attached hereto. The Debtors' records reflect that all postpetition amounts owing under your Executory Contract or Real Property Lease have been paid and will continue to be paid until the assumption and assignment or rejection of the Executory Contract or Real Property Lease, and that other than the Cure Amount, there are no other defaults under the Executory Contract or Real Property Lease.

6. Objections, if any, to the proposed Cure Amount or the Stalking Horse Adequate Assurance Information[3] must be made in writing, filed with the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served so as to be received by the Debtors, counsel for the Debtor, and counsel to the Stalking Horse Bidder on or before **4:00 p.m. (prevailing Eastern Time) on October 19, 2010** (the "Cure Objection Deadline"). Service should be made by mail to: (i) the Debtors' counsel by mail Richards Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, (Attn: Mark D. Collins, Esq. and Michael J. Merchant, Esq.), and by facsimile, (302) 571-1253, (ii) the Debtors by mail, Urban Brands, Inc., 100 Metro Way, Secaucus, NJ 07094-1906 (Attn: Laura Weil), and by facsimile, (201) 319-9582; and (iii) counsel to the Stalking Horse Bidder, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, NY 10178 (Attn: Steven J. Reisman, Esq. and Timothy A. Barnes, Esq.), and by facsimile, (212) 697-1559. The objection must set forth (i) the basis for the objection, (ii) the exact amount the party asserts as the Cure Amount, and (iii) sufficient documentation to support the Cure Amount alleged.

7. If an objection is timely filed, a hearing with respect to the objection will be held before the Honorable Kevin J. Carey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801, at the Sale Hearing or at a later hearing, as determined by the Debtors in consultation with the Court. A hearing regarding the Cure Amount, if any, may be continued at the sole discretion of the Debtors.

8. UNLESS YOU FILE AN OBJECTION TO THE PROPOSED CURE AMOUNT SET FORTH ON <u>EXHIBIT 1</u> HERETO AND SERVE SUCH OBJECTION IN ACCORDANCE WITH THE INSTRUCTIONS AND DEADLINES SET FORTH HEREIN, YOU SHALL BE FOREVER BARRED FROM OBJECTING TO THE CURE AMOUNT SET

---

[3] In the event that the Successful Bidder is not the Stalking Horse Bidder, objections regarding adequate assurance of future performance may be raised at the Sale Hearing.

FORTH ON <u>EXHIBIT 1</u> AND FOREVER BARRED AND ESTOPPED FROM ASSERTING OR CLAIMING ANY CURE AMOUNT AGAINST THE DEBTORS, ANY SUCCESSFUL BIDDER OR ANY OTHER ASSIGNEE OF THE RELEVANT EXECUTORY CONTRACT OR REAL PROPERTY LEASE.

9. The presence of a contract or agreement listed on <u>Exhibit 1</u> attached hereto does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract will be assumed by the Debtors and assigned to any Successful Bidder. The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on <u>Exhibit 1</u> attached hereto.

Dated: September 30, 2010
Wilmington, Delaware

*/s/ Katherine Good*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
L. Katherine Good (No. 5101)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

*Attorneys for Debtors and Debtors in Possession*

4