IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| URBAN BRANDS, INC., *et al.*,[1] | Case No. 10-13005 (KJC)<br>Jointly Administered |
| Debtors. | Objection Deadline: November 9, 2010 at 4:00 p.m. ET<br>Hearing Date: November 16, 2010 at 3:00 p.m. ET |

## APPLICATION TO RETAIN AND EMPLOY COOLEY LLP AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF URBAN BRANDS, INC., ET AL. *NUNC PRO TUNC* TO OCTOBER 1, 2010

TO THE HONORABLE KEVIN J. CAREY,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of Urban Brands, Inc., *et al.*, as debtors and debtors-in-possession (collectively, the "Debtors") hereby submits this application (the "Application") to retain Cooley LLP ("Cooley") as its lead counsel pursuant to sections 328(a) and 1103 of chapter 11, title 11 of the United States Code (the "Bankruptcy

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Urban Brands, Inc. (3678), 100% Girls Ltd. (4150), 100% Girls of Georgia, Inc. (4159), 100% Girls of New York, Inc. (2149), 100 Percent Girls of New Jersey, Inc. (4167), A.S. Interactive, Inc. (3472), Ashley Stewart Ltd. (4541), Ashley Stewart Apparel Corporation (4049), Ashley Stewart Clothing Company, Inc. (4051), Ashley Stewart Management Co., Inc. (4053), Ashley Stewart Woman Ltd. (4152), ASIL 6, Inc. (3996), ASNJ 10, Inc. (4004), Carraizo Alto Apparel Corporation (4651), Church Street Retail, Inc. (5954), Kid Spot Ltd. (2585), Kidspot of Delaware, Inc. (2596), Kidspot of Illinois, Inc. (2606), Kidspot of Michigan, Inc. (2603), Kidsot of New Jersey, Inc. (2601), Kidspot of Ohio, Inc. (4705), Kidspot of Pennsylvania, Inc. (2599), Kidspot of Texas, Inc. (3809), Large Apparel of Alabama, Inc. (0624), Large Apparel of California, Inc. (2129), Large Apparel of Connecticut, Inc. (5161), Large Apparel of District of Columbia, Inc. (8613), Large Apparel of Florida, Inc. (2209), Large Apparel of Georgia, Inc. (3894), Large Apparel of Illinois, Inc. (4650), Large Apparel of Indiana, Inc. (4055), Large Apparel of Louisiana, Inc. (3790), Large Apparel of Maryland, Inc. (5158), Large Apparel of Michigan, Inc. (9420), Large Apparel of Mississippi, Inc. (5913), Large Apparel of Missouri, Inc. (2135), Large Apparel of New Jersey, Inc. (5157), Large Apparel of New York, Inc. (5956), Large Apparel of North Carolina, Inc. (8611), Large Apparel of Ohio, Inc. (3815), Large Apparel of Pennsylvania, Inc. (4057), Large Apparel of South Carolina, Inc. (2029), Large Apparel of Tennessee, Inc. (3895), Large Apparel of Texas, Inc. (3787), Large Apparel of Virginia, Inc. (2809) Large Apparel of Wisconsin, Inc. (3898), Marianne Ltd. (3940), Marianne USPR, Inc. (2193), Marianne VI, Inc. (2206), Metro Apparel of Kentucky, Inc. (7533), Metro Apparel of Massachusetts, Inc. (1367), The Essence of Body & Soul, Ltd. (4165), Urban Acquisition Corporation of New Jersey, Inc. (2976), Urban Acquisition Corporation of New York, Inc. (4103), and Urban Brands TM Holding Co. (5909). The Debtors' corporate offices are located at 100 Metro Way, Secaucus, New Jersey 07094.

1669617 v1/NY

Code") and Federal Rule of Bankruptcy Procedure 2014(a), and respectfully represents as follows:

## BACKGROUND

1. On September 21, 2010, (the "Petition Date") each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued in possession of their properties and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 1, 2010, the Committee was appointed in these cases by the Office of the United States Trustee for the District of Delaware, consisting of the following 7 members: (i) Simon Property Group, (ii) General Growth Properties, (iii) International Inspirations, (iv) Angel Made in Heaven, (v) Signsource, Inc., (vi) Natural Collection and (vii) Rosenthal & Rosenthal. That same day, the Committee met and decided that it wished to employ Cooley LLP as its lead counsel and Ballard Spahr LLP ("Ballard Spahr") as its Delaware counsel to advise and represent it in these proceedings *nunc pro tunc* to October 1, 2010.

## JURISDICTION

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## REQUESTED RELIEF AND REASONS THEREFOR

4. Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, the Committee requests that this Court approve the employment of Cooley as its lead counsel to, among other things:

    (a) Attend the meetings of the Committee;

2

(b) Review financial information furnished by the Debtors to the Committee;

(c) Negotiate the budget and the use of cash collateral;

(d) Review and investigate the liens of purported secured parties;

(e) Confer with the Debtors' management and counsel;

(f) Review the Debtors' schedules, statements of financial affairs and business plan;

(g) Advise the Committee as to the ramifications regarding all of the Debtors' activities and motions before this Court;

(h) File appropriate pleadings on behalf of the Committee;

(i) Review and analyze the Debtors' financial advisor's work product and report to the Committee;

(j) Provide the Committee with legal advice in relation to the case;

(k) Prepare various applications and memoranda of law submitted to the Court for consideration and handle all other matters relating to the representation of the Committee that may arise;

(l) Assist the Committee in negotiations with the Debtors and other parties in interest on an exit strategy for this case; and

(m) Perform such other legal services for the Committee as may be necessary or proper in this proceeding.

5. Cooley will represent the Committee in coordination with Ballard Spahr, the Committee's proposed Delaware counsel. Cooley and Ballard Spahr have discussed a division of responsibilities in connection with their representation of the Committee and will make every effort to avoid and/or minimize duplication of services in their respective representations.

6. The Committee is of the opinion that it is necessary to employ Cooley and that such employment is in the best interest of the Debtors' estates. The Committee also believes that it would be extremely cost effective for the Committee to retain Cooley as its counsel, and believes that Cooley is well qualified to represent it in these proceedings. Indeed, Cooley attorneys have extensive experience representing creditors' committees in sophisticated chapter

1669617 v1/NY

11 retail proceedings across the country such as: The Bombay Company, Federated Department Stores, Blockbuster Inc., Lenox Sales, Levitz Furniture, Long John Silver's Restaurants, Steve & Barry's, and Uno Chicago Grill (f/k/a Pizzeria Uno). Further, Cooley has represented retail creditors' committees in Delaware on numerous occasions, including: Bob's Stores, Boscov's, Domain Home Furnishings, Filene's Basement, Goody's Family Clothing, Gottschalks, Hancock Fabrics, KB Toys, Lillian Vernon, Loehmann's, Mervyn's, Montgomery Ward, Ritz Camera Centers, Inc., The Sharper Image, Trade Secret, Today's Man and Wickes Furniture. Accordingly Cooley's expertise is well established and should enable fees to be minimized in these proceedings.

7.  The Committee has been advised that Cooley's fees will be commensurate with the fees charged to its other clients and fees charged in cases of this size. Cooley has also advised the Committee that it intends to make application to the Court for allowance of its fees and that payment of such fees is subject to allowance by the Court after due application.

8.  Cooley intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and any administrative order entered in this case.

9.  For professional services, fees are based on Cooley's standard hourly rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Committee. The current hourly rates of the Cooley professionals anticipated to be staffed on this matter are set forth on Exhibit A hereto. These hourly rates are subject to periodic adjustment.

10. Consistent with the firm's policy with respect to its other clients, Cooley will continue to charge the Committee for all other services provided and for other charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings. Internal costs or overhead cost and document production services (including regular secretarial and word processing time), will not be charged for separately. Cooley shall at all times adhere to any local rule or chambers guidelines with respect to reimbursement of expenses.

11. Based upon the affidavit of Lawrence C. Gottlieb (the "Gottlieb Affidavit") filed contemporaneously herewith, the Committee is satisfied that (i) Cooley represents no interest adverse to the Committee, the Debtors, their estates, or any other party in interest in the matters upon which it is to be engaged and that its employment is in the best interest of the estates, (ii) Cooley has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee, (iii) no attorney at Cooley is a relative of, currently has, or previously has had any connection with the bankruptcy judge approving the employment of Cooley as the Committee's lead counsel that would render the employment improper; and (iv) Cooley has not been paid any retainer against which to bill fees and expenses. To the best of the Committee's knowledge, Cooley has no connection with creditors or any other adverse party or its attorneys except as otherwise noted in the Gottlieb Affidavit.

## NOTICE, PRIOR APPLICATION AND WAIVER OF BRIEF

12. Notice of the instant Application, including the Gottlieb Affidavit attached hereto, is being given to (i) the U.S. Trustee; (ii) counsel for the Debtors; and (iii) any other party having filed with the Court a request for notice. The Committee respectfully submits that, in light of the nature of the relief requested, no further notice is necessary or required.

5

13. No prior application has been made in this or any other court.

14. The Committee submits that the Application does not present novel issues of law requiring the citation to any authority, other than the statutes and rules cited above and, accordingly, submits that no brief is necessary.

**WHEREFORE,** the Committee hereby respectfully requests that it be authorized to retain and employ Cooley LLP, as its lead counsel, *nunc pro tunc* to October 1, 2010, and that said firm be paid such compensation as may be allowed by this Court, and for such other further relief as is deemed just and proper.

Dated: October 18, 2010

Respectfully submitted,

The Official Committee of Unsecured
Creditors of Urban Brands, Inc., *et al.*

By: *[signature]*

Ronald M. Tucker, Esq.
Simon Property Group, Inc.
Co-Chairperson of the Committee

1669617 v1/NY