IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| URBAN BRANDS, INC., *et al.*,[1] | Case No. 10-13005 (KJC) <br> Jointly Administered |
| Debtors. | |

## AFFIDAVIT OF LAWRENCE C. GOTTLIEB OF COOLEY LLP

**STATE OF NEW YORK**     )
                          ) ss
**COUNTY OF NEW YORK**    )

Lawrence C. Gottlieb, being duly sworn, deposes and says:

1.  I am an attorney at law and a member of the firm of Cooley LLP ("Cooley"). I make this Affidavit pursuant to section 1103 of chapter 11, title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014.

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Urban Brands, Inc. (3678), 100% Girls Ltd. (4150), 100% Girls of Georgia, Inc. (4159), 100% Girls of New York, Inc. (2149), 100 Percent Girls of New Jersey, Inc. (4167), A.S. Interactive, Inc. (3472), Ashley Stewart Ltd. (4541), Ashley Stewart Apparel Corporation (4049), Ashley Stewart Clothing Company, Inc. (4051), Ashley Stewart Management Co., Inc. (4053), Ashley Stewart Woman Ltd. (4152), ASIL 6, Inc. (3996), ASNJ 10, Inc. (4004), Carraizo Alto Apparel Corporation (4651), Church Street Retail, Inc. (5954), Kid Spot Ltd. (2585), Kidspot of Delaware, Inc. (2596), Kidspot of Illinois, Inc. (2606), Kidspot of Michigan, Inc. (2603), Kidspot of New Jersey, Inc. (2601), Kidspot of Ohio, Inc. (4705), Kidspot of Pennsylvania, Inc. (2599), Kidspot of Texas, Inc. (3809), Large Apparel of Alabama, Inc. (0624), Large Apparel of California, Inc. (2129), Large Apparel of Connecticut, Inc. (5161), Large Apparel of District of Columbia, Inc. (8613), Large Apparel of Florida, Inc. (2209), Large Apparel of Georgia, Inc. (3894), Large Apparel of Illinois, Inc. (4650), Large Apparel of Indiana, Inc. (4055), Large Apparel of Louisiana, Inc. (3790), Large Apparel of Maryland, Inc. (5158), Large Apparel of Michigan, Inc. (9420), Large Apparel of Mississippi, Inc. (5913), Large Apparel of Missouri, Inc. (2135), Large Apparel of New Jersey, Inc. (5157), Large Apparel of New York, Inc. (5956), Large Apparel of North Carolina, Inc. (8611), Large Apparel of Ohio, Inc. (3815), Large Apparel of Pennsylvania, Inc. (4057), Large Apparel of South Carolina, Inc. (2029), Large Apparel of Tennessee, Inc. (3895), Large Apparel of Texas, Inc. (3787), Large Apparel of Virginia, Inc. (2809) Large Apparel of Wisconsin, Inc. (3898), Marianne Ltd. (3940), Marianne USPR, Inc. (2193), Marianne VI, Inc. (2206), Metro Apparel of Kentucky, Inc. (7533), Metro Apparel of Massachusetts, Inc. (1367), The Essence of Body & Soul, Ltd. (4165), Urban Acquisition Corporation of New Jersey, Inc. (2976), Urban Acquisition Corporation of New York, Inc. (4103), and Urban Brands TM Holding Co. (5909). The Debtors' corporate offices are located at 100 Metro Way, Secaucus, New Jersey 07094.

2. Cooley is a law firm of approximately 650 attorneys with its New York offices located at 1114 Avenue of the Americas, New York, New York 10036-7798. Subject to this Court's approval of its retention, Cooley proposes to provide legal services to the Official Committee of Unsecured Creditors (the "Committee") of Urban Brands, Inc., *et al.*, as debtors and debtors-in-possession in these proceedings (collectively, the "Debtors") at the rates approved by the Court, in compliance with sections 328(a), 504 and 1103 of the Bankruptcy Code, and to provide disclosure required under Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). Unless otherwise stated in this affidavit, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon Cooley's completion of further review or as additional party-in-interest information becomes available to it, a supplemental affidavit will be submitted to the Court reflecting such amended or modified information.

## COOLEY'S DISCLOSURE PROCEDURES

3. Cooley has in the past represented, currently represents, and may in the future represent entities that are claimants of the Debtors in matters unrelated to the Debtors' pending chapter 11 cases. Cooley has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations. Some of those entities are or may consider themselves to be creditors or parties in interest in the Debtors' pending chapter 11 cases or to otherwise have interests in these cases.

4. In order to prepare this affidavit, Cooley compared the Debtors' bankruptcy petitions and list of top 20 unsecured creditors and list of secured creditors, along with pleadings that have been filed with the Court to date, with the information contained in the conflict check systems and adverse party indexes currently maintained by Cooley (collectively, the "Conflict

2

1669617 v1/NY

Check System"). The facts stated in this affidavit as to the relationship between Cooley lawyers and the Debtors, the Debtors' creditors, other parties in interest, the respective attorneys and accountants, the Office of the United States Trustee (the "U.S. Trustee"), other persons employed by the U.S. Trustee, and those persons and entities who are defined as not disinterested persons in § 101(14) of the Bankruptcy Code are based upon the results of the review of the Conflict Check System. I understand that there is a continuing duty to disclose any adverse interest and change in disinterestedness.

5. The Conflict Check System is a computerized database of current and former clients and adverse and related parties that are regularly maintained and updated in the course of the firm's business. These procedures are designed to include every matter on which the firm is now or has been engaged, by which entity the firm is now or has been engaged, and, in each instance, to include and record the identity of related parties and adverse parties and the attorney in the firm that is knowledgeable about the matter. It is Cooley's policy that that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the Conflict Check System the information necessary to check such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Cooley and reflects entries that are noted in the systems at the time the information becomes known by persons whose regular duties include recording and maintaining this information. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter. As a partner of the firm, I regularly send information to update the Conflict Check System and use and rely upon the information contained in the system in the performance of my duties at Cooley and in my practice of law.

3

## COOLEY'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THESE CHAPTER 11 CASES

6. Any client connections with regard to which Cooley had represented the client within the past two years were reviewed by an attorney working under my supervision and from such review it was determined that, in respect of each connection between Cooley and such parties, Cooley does not have an interest adverse to the Debtors' estates and is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code.

7. To the best of my knowledge, no attorney at Cooley holds a direct or indirect equity interest in the Debtors or has a right to acquire such an interest.

8. No attorney at Cooley is or has served as an officer, director, or employee of the Debtors.

9. No attorney at Cooley is in control of the Debtors or is a relative of a general partner, director, officer or person in control of the Debtors.

10. No attorney at Cooley is a general or limited partner of a partnership in which the Debtors is also a general or limited partner.

11. No attorney at Cooley is or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale, or issuance of a security of the Debtors.

12. No attorney at Cooley has represented a financial advisor of the Debtors in connection with the offer, sale, or issuance of a security of the Debtors.

13. To the best of my knowledge, no attorney at Cooley is a relative of, currently has, or previously has had any connection with the bankruptcy judge approving the employment of Cooley as the Committee's lead counsel that would render the employment improper.

14. No attorney at Cooley presently represents a creditor, general partner, lessor, lessee, party to an executory contract of the Debtors, any person otherwise adverse or potentially adverse to the Debtors or their estates, on any matter, whether such representation is related or unrelated to the Debtors or their estates except that:

- Cooley formerly represented unsecured creditor Travelers in a matter wholly unrelated to these chapter 11 cases, and for which the undersigned does not believe that representations was adverse to the interests of the Debtors or their creditors

- Certain prospective purchasers of the Debtors' assets have in the past been a part of joint ventures which Cooley has represented in other matters not relating to this case. Entities that had been part of those joint ventures include Gordon Brothers Group and affiliates, Hilco Merchant Resources, Hudson Capital, SB Capital, Tiger Asset Management, Nassi Group, Great American, Retail Consulting Services, and the Buxbaum Group. All of these firms are well known nationally as firms which either make proposals to acquire assets or assist companies in conducting sales of assets, or joint venture in different combinations depending upon the economics of the deal being contemplated. The undersigned does not believe that the representation of certain joint ventures consisting of various combinations of some of the above-stated entities in matters wholly unrelated to these proceedings, is adverse to the interests of the Debtor and its creditors. The aggregate revenue derived from these representations is minimal and represent less than one-fifth of 1% of Cooley's revenue for the past two years.

15. To the best of my knowledge no attorney at Cooley has previously represented a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to the Debtors or their estates, within the last two years

5

1669617 v1/NY

on any matter substantially related to these proceedings except as set forth in the preceding paragraph.

16. No attorney at Cooley represents an insider of the Debtors, any subsidiary, or other affiliate.

17. No attorney at Cooley has been paid fees prepetition or holds a security interest, guarantee or other assurance of compensation for services performed and to be performed in this proceeding except as set forth herein.

18. There is no agreement of any nature, other than the Cooley partnership agreement, as to the sharing of any compensation to be paid to Cooley.

19. No attorney at Cooley has any other connection with the Debtors, their creditors, the U.S. Trustee, or any employee of that office, or any parties in interest in these proceedings.

20. To the best of my knowledge, no attorney at Cooley has any other interest, direct or indirect, that may be affected by the proposed representation.

## COOLEY'S RATES AND BILLING PRACTICES

21. The legal services Cooley has agreed to provide are detailed in the accompanying retention application and the same is incorporated herein by reference. The attorneys who are presently contemplated to be working on this engagement and their present hourly rates are set forth in Exhibit A thereto. The attorney having primary responsibility on the engagement shall be affiant, a partner in the firm.

22. Cooley has agreed to provide legal services to the Committee and recognizes that any allowance of compensation for services rendered on behalf of the Committee in connection with this proceeding and any reimbursement of disbursements made in connection therewith are subject to the prior approval and authorization by order of this Court. Cooley realizes that any

application for fees must be supported by detailed contemporaneous time records. Cooley also understands that this Court's approval of its retention application is not approval of any proposed terms of compensation and, under section 328(a) of the Bankruptcy Code, this Court may allow compensation on terms different from those proposed.

23. Cooley will abide by the terms of any administrative order establishing professional compensation and reimbursement procedures entered in this case.

24. For professional services, fees are based on Cooley's standard hourly rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Committee. The current hourly rates are set forth in Cooley's retention application and are subject to periodic adjustment.

25. Consistent with the firm's policy with respect to its other clients, Cooley will continue to charge the Committee for all other services provided and for other charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings. Internal costs or overhead cost and document production services (including regular secretarial and word processing time), will not be charged for separately. Cooley shall at all times adhere to any local rule or chambers guidelines with respect to reimbursement of expenses.

26. Cooley did not receive a retainer with respect to this representation.

27. As noted in the Cooley retention application, the Committee will seek to employ the law firm of Ballard Spahr LLP ("Ballard Spahr"), as Delaware attorneys to act with Cooley in connection with its representation of the Committee in this case. Cooley and Ballard Spahr

will coordinate their efforts carefully and clearly delineate their respective duties so as to prevent duplication of services. Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of services of the respective firms will materially add to the progress, effective administration, and cost effectiveness of these cases.

28. The foregoing constitutes the statement of Cooley pursuant to sections 328(a), 504 and 1103 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(a).

Dated: New York, New York
October 14, 2010

/s/ Lawrence C. Gottlieb
Lawrence C. Gottlieb

Sworn to before me this
14th day of October, 2010

/s/ Theresa Hammond
Notary Public

THERESA K. HAMMOND
Notary Public, State of New York
No. 01HA4650925
Qualified in Suffolk County
Commission Expires July 31, 2013

8

1669617 v1/NY