IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Urban Brands, Inc., et al.,**[1] | ) | **Case No. 10-13005 (KJC)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |
| | ) | |

**NOTICE OF AGENDA OF MATTERS SCHEDULED
FOR HEARING ON OCTOBER 27, 2010 AT 11:00 A.M. (EDT)**[2]

I. **CONTESTED MATTER GOING FORWARD:**

1. Debtors' Motion Pursuant to 11 U.S.C. §§ 105(A), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts For Executory Contracts and Leases to be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims,

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Urban Brands, Inc. (3678), 100% Girls Ltd. (4150), 100% Girls of Georgia, Inc. (4159), 100% Girls of New York, Inc. (2149), 100 Percent Girls of New Jersey, Inc. (4167), A.S. Interactive, Inc. (3472), Ashley Stewart Ltd. (4541), Ashley Stewart Apparel Corporation (4049), Ashley Stewart Clothing Company, Inc. (4051), Ashley Stewart Management Co., Inc. (4053), Ashley Stewart Woman Ltd. (4152), ASIL 6, Inc. (3996), ASNJ 10, Inc. (4004), Carraizo Alto Apparel Corporation (4651), Church Street Retail, Inc. (5954), Kid Spot Ltd. (2585), Kidspot of Delaware, Inc. (2596), Kidspot of Illinois, Inc. (2606), Kidspot of Michigan, Inc. (2603), Kidspot of New Jersey, Inc. (2601), Kidspot of Ohio, Inc. (4705), Kidspot of Pennsylvania, Inc. (2599), Kidspot of Texas, Inc. (3809), Large Apparel of Alabama, Inc. (0624), Large Apparel of California, Inc. (2129), Large Apparel of Connecticut, Inc. (5161), Large Apparel of District of Columbia, Inc. (8613), Large Apparel of Florida, Inc. (2209), Large Apparel of Georgia, Inc. (3894), Large Apparel of Illinois, Inc. (4650), Large Apparel of Indiana, Inc. (4055), Large Apparel of Louisiana, Inc. (3790), Large Apparel of Maryland, Inc. (5158), Large Apparel of Michigan, Inc. (9420), Large Apparel of Mississippi, Inc. (5913), Large Apparel of Missouri, Inc. (2135), Large Apparel of New Jersey, Inc. (5157), Large Apparel of New York, Inc. (5956), Large Apparel of North Carolina, Inc. (8611), Large Apparel of Ohio, Inc. (3815), Large Apparel of Pennsylvania, Inc. (4057), Large Apparel of South Carolina, Inc. (2029), Large Apparel of Tennessee, Inc. (3895), Large Apparel of Texas, Inc. (3787), Large Apparel of Virginia, Inc. (2809), Large Apparel of Wisconsin, Inc. (3898), Marianne Ltd. (3940), Marianne USPR, Inc. (2193), Marianne VI, Inc. (2206), Metro Apparel of Kentucky, Inc. (7533), Metro Apparel of Massachusetts, Inc. (1367), The Essence of Body & Soul, Ltd. (4165), Urban Acquisition Corporation of New Jersey, Inc. (2976), Urban Acquisition Corporation of New York, Inc. (4103), and Urban Brands TM Holding Co. (5909). The Debtors' corporate offices are located at 100 Metro Way, Secaucus, New Jersey 07094.

[2] The hearing will be held before The Honorable Kevin J. Carey at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801. Any party who wishes to appear telephonically at the October 27, 2010 hearing must contact COURTCALL, LLC at 866-582-6878 prior to **12:00 p.m. (noon) (Eastern Daylight Time) on Tuesday, October 26, 2010** in accordance with the *Instructions for Telephonic Appearances Effective January 5, 2005, Revised April 27, 2009.*

RLF1 3619037v. 1

Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 34; filed September 22, 2010]

Objection Deadline:   October 21, 2010 at 4:00 p.m. (EDT).

Objections/Responses Received:

A. Objection of C. Michelle Panovich of Mid-America Asset Management, Inc., As Court Appointed Receiver for Lincoln Mall, to Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Schedule an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to Be Assigned; and (E) Granting Certain Related Relief; and (II) Entry if an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 110; filed October 1, 2010]

B. Limited Objection of RREEF Management Company and Watt Management Company to Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to Be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D)

Approving Guidelines for Conducting Store Closings Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 114; filed October 1, 2010]

C.     Objection of Inland US Management, LLC and Inland American Retail Management, LLC to Motion of Debtors and Debtors in Possession for Entry of an Order Shortening Notice and Objection Periods and Requesting an Emergency Hearing for Approval of Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to Be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 118; filed October 1, 2010]

D.     Objection of Connecticut General Life Insurance Company to Motion of Debtors and Debtors In Possession for Entry of an Order Shortening Notice and Objection Periods and Requesting an Emergency Hearing for Approval of Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to Be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket

RLF1 3619037v. 1

No. 123; filed October 1, 2010]

E. Joinder of Greenbrier Mall Limited Partnership, Hendon Golden East, LLC and HT West End, LLC to Objection of Inland US Management, LLC and Inland American Retail Management, LLC to Motion of Debtors and Debtors in Possession for Entry of an Order Shortening Notice and Objection Periods and Requesting an Emergency Hearing for Approval of Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 129; filed October 4, 2010]

F. Partial Joinder (of Hartz Mountain Metropolitan) in Objections of C. Michelle Panovich of Midamerica Asset Management, Inc., As Court Appointed Receiver for Lincoln Mall, (D. I. 110) and RREEF Management Company and Watt Management Company (D. I. 114) to Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to Be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 133; filed October 4, 2010]

G. Limited Objection of Kimco Baton Rouge 1183, LLC and KIR Augusta II, L.P. to Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to Be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Related to Docket Nos. 34, 52 and 61] [Docket No. 138; filed October 4, 2010]

H. Limited Objection of the Official Committee of Unsecured Creditors to Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to Be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closings Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 140; filed October 4, 2010]

I. Objection of Ramco Jacksonville, LLC to Debtors' Notice of Proposed Lease Cure Amount [Docket No. 205; filed October 14, 2010]

J. Objection of North Riverside Park Associates LLC to Debtors' Proposed Cure Amount for Unexpired Lease of Nonresidential Real Property [Docket No. 208; filed October 15, 2010]

RLF1 3619037v. 1

K.  Objection and Counterstatement of Preit Services, LLC to Debtors' Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned Pursuant to Section 365 of the Bankruptcy Code in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 209; filed October 15, 2010]

L.  Objection of Union Realty Company GP to Proposed Cure Amount in Debtor's Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets [Docket No. 210; filed October 15, 2010]

M.  Objection of Centro GA Apollo II Sub LLC to Proposed Cure Amounts [Docket No. 211; filed October 15, 2010]

N.  Objection of Green Acres Mall, LLC to Proposed Cure Amount [Docket No. 212; filed October 15, 2010]

O.  Objection of Alexander's King Plaza, LLC to Proposed Cure Amount [Docket No. 213; filed October 15, 2010]

P.  Jackson Metrocenter Mall Ltd's Limited Objection to Cure Claim Amount [Docket No. 215; filed October 15, 2010]

Q.  G/W Jefferson-St. Jean, LLC's Limited Objection to Cure Claim Amount [Docket No. 216; filed October 15, 2010]

R.  Objection of EMG, LLC to Debtor's Notice of Proposed Lease Cure Amount [Docket No. 218; filed October 17, 2010]

S.  Objection of Hartz Mountain Metropolitan to Debtors' Proposed Cure Amount [Docket No. 219; filed October 18, 2010]

T.  Lease Cure Objection of Cohen/Jemal Partnership, LLC [Docket No. 220; filed October 18, 2010]

U.  Limited Objection of Dutch Square Limited Liability Company to Cure Amount [Docket No. 221; filed October 18, 2010]

V.  Limited Objection of Kimco Baton Rouge 1183, LLC and KIR Augusta II L.P. to Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 223; filed October 19, 2010]

W. Limited Objection of BLDG-ICS Olney, LLC and CP Associates LLC to Debtors' Proposed Cure Amount for Unexpired Lease of Nonresidential Real Property [Docket No. 225; filed October 19, 2010]

X. Objection of Hendon Golden East, LLC to Debtors' Motion Establishing Certain Notice Procedures for Determining Cure Amount for Executory Contracts and Leases to be Assigned [Docket No. 226; filed October 19, 2010]

Y. Objection of Culver Center Partners Georgia, LLC and Culver Center Partners Georgia - West #1 LLC, As Successor-in-Interest to DBSI, Inc., As Successor-in-Interest to Hendon Old National, LLC to Debtors' Motion Establishing Certain Notice Procedures for Determining Cure Amount for Executory Contracts and Leases to be Assigned [Docket No. 227; filed October 19, 2010]

Z. Objection of HT West End, LLC to Debtors' Motion Establishing Certain Notice Procedures for Determining Cure Amount for Executory Contracts and Leases to be Assigned [Docket No. 228; filed October 19, 2010]

AA. Limited Objection of RREEF Management Company, The Prudential Insurance Company of America, and Watt Management Company to the Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 229; filed October 19, 2010]

BB. Limited Objection to Cure Amount by Chicago Building, L.L.C., By Its Management Agent, Mid-America Asset Management, Inc., the Landlord for the Chicago Building [Docket No. 230; filed October 19, 2010]

CC. Objection of EGI Properties, L.L.C. to Debtors' Proposed Cure Amount [Docket No. 231; filed October 19, 2010]

DD. Limited Objection to Cure Amount by C. Michelle Panovich of Mid-America Asset Management, Inc., As Court Appointed Receiver for Lincoln Mall [Docket No. 232; filed October 19, 2010]

EE. Objection (of Lincoln Center, a Michigan General Partnership) to Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 233; filed October 19, 2010]

RLF1 3619037v. 1

FF. Limited Objection of Glimcher Properties Limited Partnership to Debtors' (1) Proposed Lease Cure Amounts and (2) Potential Assumption and Assignment of Certain Unexpired Leases [Docket No. 236; filed October 19, 2010]

GG. The Taubman Landlords' Precautionary Objection to the Motion for Approval of Sale of Assets and Potential Assumption and Assignment of Real Property Lease, Objection to Request for Authorization to Conduct Going Out of Business Sales, and Cure Claim Objection [Docket No. 237; filed October 19, 2010]

HH. Objection of Inland US Management, LLC and Inland American Retail Management, LLC to Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned Pursuant to Section 365 of the Bankruptcy Code in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 238; filed October 19, 2010]

II. Limited Objection and Reservation of Rights of Banc of America Merchant Services, LLC to the Debtors' Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 239; filed October 19, 2010]

JJ. Objection of Linder Ventures IV, L.L.C. to Debtor's Notice of Proposed Lease Cure Amount [Docket No. 240; filed October 19, 2010]

KK. Objection (of Stony Island, LLC) to Cure Amount in Relation to Debtors' Sale Motion [Docket No. 241; filed October 19, 2010]

LL. Objection to Cure Amounts by Westfield, LLC and Certain Affiliates in Accordance with Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to be Assigned; and (E) Granting Certain Related Relief [Docket No. 242; filed October 19, 2010]

MM. MSKP Orlando Square, LLC's (I) Objection to Proposed Cure Amount; and (II) Limited Objection to Debtor's Motion Seeking Entry of Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store

RLF1 3619037v. 1

Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4); Declaration of Steven Messing Attached Hereto [Docket No. 244; filed October 19, 2010]

NN. Objection of Developers Diversified Realty Corporation to Debtors' Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 248; filed October 19, 2010]

OO. Letter from Tekmark Global Solutions, LLC in Support for Changing the Proposed Cure Amount [Docket No. 249; filed October 19, 2010]

PP. Objection of Somerock University Mall Owner, LLC to Debtors' Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 250; filed October 19, 2010]

QQ. Objection of EMC Corporation to Proposed Cure Amount [Docket No. 251; filed October 19, 2010]

RR. Objection of General Growth Properties, Inc. to Debtors' Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 252; filed October 19, 2010]

SS. Limited Objection (of 490 Fulton Owner, LLC) to Debtors' Proposed Sale of Substantially All of Their Assets Free and Clear of All Liens, Claims and Encumbrances and Cure Notice and Amount [Docket No. 253; filed October 19, 2010]

TT. Objection of Jones Lang LaSalle Americas, Inc. to Debtors' Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 254; filed October 19, 2010]

UU. Objection of Weingarten Realty Investors to Debtors' Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and

Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 255; filed October 19, 2010]

VV. Limited Objection of Town Centers, Ltd. to Debtors' Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 256; filed October 19, 2010]

WW. Objection of Morris Prop Mgmt The Hub, LLC to Proposed Cure Amounts [Docket No. 258; filed October 19, 2010]

XX. Objection of Thor Eastpoint Mall, LLC and Thor Gallery at Military Circle, LLC to Debtors' Proposed Cure Amount for Nonresidential Real Property Lease [Docket No. 259; filed October 19, 2010]

YY. Limited Objection of CBL & Associates Management, Inc., as Managing Agent for Various Landlords, to Debtors' Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of All of the Debtor's Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 261; filed October 19, 2010]

ZZ. Objection of Connecticut General Life Insurance Company to Proposed Assumption and Assignment of Its Agreements Pursuant to Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned Pursuant to Section 365 of the Bankruptcy Code in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 264; filed October 19, 2010]

AAA. Objection of CIBER, Inc. to Proposed Cure Amount [Docket No. 266; filed October 19, 2010]

BBB. Correspondence Received from Fair Haven Consulting Objecting to Cure Amount

CCC. Objection of Inland US Management, LLC and Inland American Retail Management, LLC to (I) Proposed Assumption and Assignment of Unexpired Leases of Non-Residential Real Property to New Ashley Stewart, LLC and (II) Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the

Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to Be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 268; filed October 20, 2010]

DDD. Limited Objection and Reservation of Rights of Centro GA Apollo II Sub LLC and Centro NP Holdings 12 SPE, LLC to Debtors' Motion Seeking Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption of and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) and Joinder in Objection of Other Landlords [Docket No. 274; filed October 21, 2010]

EEE. Final Limited Objection of RREEF, the Prudential Insurance Company of America, and Watt Management Company to Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to Be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closings Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 275; filed October 21, 2010]

RLF1 3619037v. 1

FFF. Adequate Assurance and Sale Objection by Westfield, LLC and Certain Affiliates in Accordance with Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to be Assigned; and (E) Granting Certain Related Relief [Docket No. 276; filed October 21, 2010]

GGG. Limited Objection (of Stony Island, LLC) to Debtors' Sale Motion [Docket 277; filed October 21, 2010]

HHH. Limited Objection of Glimcher Properties Limited Partnership to Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrance and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 364(d)(4) [Docket No. 279; filed October 21, 2010]

III. Reservation of Rights and Limited Objection (of Hartz Mountain Metropolitan) Regarding Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to Be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 280; filed October 21, 2010]

JJJ. Reservation of Rights of Trimaran Regarding the Debtors' Motion for Approval of a Sale of Substantially All the Debtors' Assets [Docket No. 281; filed October 21, 2010]

KKK. Objection of Chicago Building, L.L.C., By Its Management Agent, Mid-America Asset Management, Inc., the Landlord for the Chicago Building, and C. Michelle Panovich of Mid-America Asset Management, Inc., As Court Appointed Receiver for Lincoln Mall, to the Stalking Horse Bidder's Adequate Assurance of Future Performance [Docket No. 282; filed October 21, 2010]

LLL. Objection of Chicago Building, L.L.C., By Its Management Agent, Mid-America Asset Management, Inc., the Landlord for the Chicago Building, and C. Michelle Panovich of Mid-America Asset Management, Inc., As Court Appointed Receiver for Lincoln Mall, to Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 365, for Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 285; filed October 21, 2010]

MMM. United States Trustee's Limited Objection to the Debtors' Motion for an Order Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and to Proposed Assumption of Certain Executory Contracts [Docket No. 286; filed October 21, 2010]

NNN. Limited Objection and Reservation of Rights of Morris Prop Mgmt The Hub, LLC to Debtors' Motion Seeking Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption of and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) and Joinder in Objection of Other Landlords [Docket No. 288; filed October 21, 2010]

OOO. Objection of EGI Properties, L.L.C. to Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to Be Assigned; and

RLF1 3619037v. 1

(E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 289; filed October 21, 2010]

PPP. Objection of Glenwood Crossing, LLC and Town & Country City, Inc. to Debtors' Motion Pursuant to 11 U. S.C. §§ 105(a), 363 and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 290; filed October 21, 2010]

QQQ. Limited Objection and Reservation of Rights of GPM Houston Properties, Ltd. to Debtors' Motion Seeking Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption of and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) and Joinder in Objection of Other Landlords [Docket No. 291; filed October 21, 2010]

RRR. Objection of Developers Diversified Realty Corporation, General Growth Properties, Inc., Jones Lang LaSalle Americas, Inc., Somera Capital Management, LLC, and Weingarten Realty Investors to the Debtors' Motion for Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims,

SSS. and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 292; filed October 21, 2010]

SSS. Limited Objection of Kimco Baton Rouge 1183, LLC and KIR Augusta II L.P. to Entry of an Order (A) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrance and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 364(d)(4) [Docket No. 294; filed October 21, 2010]

TTT. Limited Objection/Joinder of Jubilee Christian Church International, Inc., Landlord, to Motion to Approve Sale Pursuant to 11 U.S.C. §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to Be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 410; filed October 22, 2010]

UUU. Objection of Jubilee Christian Church International, Inc., Landlord, to Proposed Cure Amount Set Forth in *Corrected* Notice of Executory Contracts and Leases Which May Be Assumed [Docket No. 411; filed October 22, 2010]

VVV. Objection of the Wholly-Owned Subsidiaries of Verizon Communications Inc. to Debtors' Proposed Cure Amount [Docket No. 414; filed October 22, 2010]

WWW. Informal responses from the Official Committee of Unsecured Creditors

Related Documents:

i. Amended Notice of Motions and Hearing [Docket No. 50; filed September 22, 2010]

ii. Motion of Debtors and Debtors in Possession for Entry of an Order Shortening Notice and Objection Periods and Requesting an Emergency Hearing for Approval of Debtors' Motion Pursuant to 11 U.S.C. §§ 105(A), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts For Executory Contracts and Leases to be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and (F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 52; filed September 22, 2010]

iii. Order Shortening Notice and Objection Periods and Requesting an Expedited Hearing for Debtors' Motion Pursuant to 11 U.S.C. §§ 105(A), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts For Executory Contracts and Leases to be Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Establishing Assumption and Rejection Procedures for Certain Additional Executory Contracts and Unexpired Leases; (D) Approving Guidelines for Conducting Store Closing Sales; (E) Approving Agency Agreement; and

<blockquote>

(F) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 61; filed September 23, 2010]

iv. Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 100; filed September 29, 2010]

v. Notice of Filing Schedules to Stalking Horse Asset Purchase Agreement [Docket No. 101; filed September 29, 2010]

vi. *Corrected* Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 104; filed September 30, 2010]

vii. Notice of Filing Agency Agreement [Docket No. 109; filed September 30, 2010]

viii. Order (with Revisions by the Court) (A) Establishing Bidding and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Leases to Be Assigned; and (E) Granting Certain Related Relief [Docket No. 143; filed October 4, 2010]

ix. Notice of Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances and Interests [Docket No. 158; filed October 5, 2010]

x. New Ashley Stewart, LLC as Stalking Horse Bidder - Adequate Assurance Information as Required by Bidding Procedures Order [Docket No. 143] [Docket No. 184; filed October 12, 2010]

xi. Supplement to Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts With Respect Thereto [Docket No. 203; filed October 14, 2010]

xii. Notice of Filing Schedule 2.5(b) to Stalking Horse Asset Purchase Agreement [Docket No. 413; filed October 22, 2010]

</blockquote>

xiii. Limited Second Corrected Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, In Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto [Docket No. 415; filed October 22, 2010]

Status: The hearing on this matter will go forward with respect to the relief requested in the proposed Sale Order. An auction (the "Auction") with respect to the sale of the Debtors' assets is being held on October 25, 2010. Upon conclusion of the Auction, the Debtors will work with Successful Bidder to resolve objections and will provide the Court with an update as to the status of each objection in advance of the hearing. A chart listing the current status of each objection is attached hereto as Exhibit A.

Dated: October 25, 2010
Wilmington, Delaware

Respectfully submitted,

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Paul N. Heath (No. 3704)
L. Katherine Good (No. 5101)
Julie A. Finocchiaro (No. 5303)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

*Attorneys for the Debtors and Debtors-in-Possession*