IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>UBI Liquidating Corp., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-13005 (KJC)<br>Jointly Administered<br><br>Objection Deadline: March 23, 2011 at 4:00 p.m. |

## SUMMARY OF FOURTH MONTHLY APPLICATION OF COOLEY LLP, LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 1, 2011 THROUGH JANUARY 31, 2011

Name of Applicant:     Cooley LLP

Authorized to Provide     The Official Committee of Unsecured
Professional Services to:     Creditors

Date of Retention:     November 12, 2010 *nunc pro tunc* to
     October 1, 2010

Period for which compensation
and reimbursement is sought:     January 1, 2011 through January 31, 2011

Amount of Compensation sought
as actual, reasonable and necessary:     $23,975.50

80% of Compensation sought

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are UBI Liquidating Corp. (3678), 100% Girls Ltd. (4150), 100% Girls of Georgia, Inc. (4159), 100% Girls of New York, Inc. (2149), 100 Percent Girls of New Jersey, Inc. (4167), A.S. Interactive, Inc. (3472), ASL Liquidating Corp. (4541), Ashley Stewart Apparel Corporation (4049), Ashley Stewart Clothing Company, Inc. (4051), ASMCI Liquidating Corp. (4053), ASWL Liquidating Corp. (4152), ASIL 6, Inc. (3996), ASNJ 10, Inc. (4004), Carraizo Alto Apparel Corporation (4651), Church Street Retail, Inc. (5954), Kid Spot Ltd. (2585), Kidspot of Delaware, Inc. (2596), Kidspot of Illinois, Inc. (2606), Kidspot of Michigan, Inc. (2603), Kidspot of New Jersey, Inc. (2601), Kidspot of Ohio, Inc. (4705), Kidspot of Pennsylvania, Inc. (2599), Kidspot of Texas, Inc. (3809), Large Apparel of Alabama, Inc. (0624), Large Apparel of California, Inc. (2129), Large Apparel of Connecticut, Inc. (5161), Large Apparel of District of Columbia, Inc. (8613), Large Apparel of Florida, Inc. (2209), Large Apparel of Georgia, Inc. (3894), Large Apparel of Illinois, Inc. (4650), Large Apparel of Indiana, Inc. (4055), Large Apparel of Louisiana, Inc. (3790), Large Apparel of Maryland, Inc. (5158), Large Apparel of Michigan, Inc. (9420), Large Apparel of Mississippi, Inc. (5913), Large Apparel of Missouri, Inc. (2135), Large Apparel of New Jersey, Inc. (5157), Large Apparel of New York, Inc. (5956), Large Apparel of North Carolina, Inc. (8611), Large Apparel of Ohio, Inc. (3815), Large Apparel of Pennsylvania, Inc. (4057), Large Apparel of South Carolina, Inc. (2029), Large Apparel of Tennessee, Inc. (3895), Large Apparel of Texas, Inc. (3787), Large Apparel of Virginia, Inc. (2809) Large Apparel of Wisconsin, Inc. (3898), Marianne Ltd. (3940), Marianne USPR, Inc. (2193), Marianne VI, Inc. (2206), Metro Apparel of Kentucky, Inc. (7533), Metro Apparel of Massachusetts, Inc. (1367), The Essence of Body & Soul, Ltd. (4165), UACONJI Liquidating Corp. (2976), UACONYI Liquidating Corp. (4103), and UBTHC Liquidating Corp. (5909). The Debtors' corporate offices are located at 100 Metro Way, Secaucus, New Jersey 07094.

as actual, reasonable and necessary:    $19,180.40

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:    $316.36

This is a(n):   X Monthly    __ Interim    __ Final Fee Application

The total time expended in connection with the preparation of this fee application is not included in this Fourth Monthly Fee Application as such time was expended after the Compensation Period.

**Prior Applications:** First Monthly Application of Cooley LLP, Counsel to the Official Committee of Unsecured Creditors, for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from October 1, 2010 Through October 31, 2010 (D.I. 525); Second Monthly Application of Cooley LLP, Counsel to the Official Committee of Unsecured Creditors, for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from November 1, 2010 Through November 30, 2010 (D.I. 614); Third Monthly Application of Cooley LLP, Counsel to the Official Committee of Unsecured Creditors, for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from December 1, 2010 Through December 31, 2010 (D.I. 824)

# SUMMARY OF PROFESSIONAL SERVICES RENDERED BY COOLEY LLP ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OF JANUARY 1, 2011 THROUGH JANUARY 31, 2011

| Name of Professional Person | Position of Professional Person | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Lawrence C. Gottlieb | Partner | $955 | 7.0 | $6,685.00 |
| Jay R. Indyke | Partner | $850 | 0.1 | $85.00 |
| Cathy R. Hershcopf | Partner | $765 | 12.0 | $9,027.00 |
| Michael A. Klein | Associate | $595 | 13.5 | $8,032.50 |
| Total Fees | | | | $23,975.50 |
| Total Hours | | | 32.6 | |
| Blended Rate | | | | $735.44 |

DMEAST #13441342 v1

# SUMMARY OF SERVICES BY TASK CODE FOR PROFESSIONAL SERVICES RENDERED BY COOLEY LLP ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD JANUARY 1, 2011 THROUGH JANUARY 31, 2011

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| B01 | Asset Analysis and Recovery | 5.2 | $4,219.00 |
| B02 | Asset Disposition | 5.7 | $3,544.50 |
| B03 | Business Operations | 0.5 | $369.50 |
| B04 | Case Administration | 2.1 | $1,677.50 |
| B05 | Claims | 8.5 | $6,646.50 |
| B06 | Employee Benefits/Pensions | 0.0 | $0 |
| B07 | Fee/Employment Applications | 2.4 | $1,480.50 |
| B08 | Fee/Employment Objections | 0.0 | $0 |
| B09 | Financing and Cash Collateral | 0.0 | $0 |
| B10 | Litigation | 0.0 | $0 |
| B11 | Meetings | 5.6 | $4,311.00 |
| B12 | Plan and Disclosure Statement | 0.2 | $119.00 |
| B13 | Relief from Stay Proceedings | 0.3 | $165.00 |
| B14 | Travel | 0.0 | $0 |
| B15 | Accounting/Auditing | 0.0 | $0 |
| B16 | Business Analysis | 0.0 | $0 |
| B17 | Corporate Finance | 0.0 | $0 |
| B18 | Leases and Executory Contracts | 2.2 | $1,489.00 |
| B19 | Preparation For and Attendance at Court Hearings | 0.2 | $119.00 |
| B20 | Reconstruction Accounting | 0.0 | $0 |
| B21 | Tax Issues | 0.0 | $0 |
| B22 | Valuation | 0.0 | $0 |
| B23 | Avoidance Actions | 0.0 | $0 |
| B24 | Regulatory Compliance | 0.0 | $0 |
| B25 | Foreign Proceedings | 0.0 | $0 |
| | **TOTALS BY TASK CODE** | **32.6** | **$23,975.50** |

DMEAST #13441342 v1

# SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED BY COOLEY LLP ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OF JANUARY 1, 2011 THROUGH JANUARY 31, 2011

| Subject Matter Categories | Amount |
|---|---|
| Telephone | $0.78 |
| Audio/Video Conferencing Services | $1.76 |
| Reproduction of Documents | $1.10 |
| Research Databases/ Document Retrieval | $250.80 |
| Federal Express | $61.92 |
| **TOTAL EXPENSES REQUESTED** | **$316.36** |

DMEAST #13441342 v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| UBI Liquidating Corp., et al.,[1] | Case No. 10-13005 (KJC) <br> Jointly Administered |
| Debtors. | Objection Deadline: March 23, 2011 at 4:00 p.m. |

## FOURTH MONTHLY APPLICATION OF COOLEY LLP, LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF JANUARY 1, 2011 THROUGH JANUARY 31, 2011

TO THE HONORABLE KEVIN J. CAREY,
UNITED STATES BANKRUPTCY JUDGE:

Cooley LLP ("Applicant"), lead counsel to the Official Committee of Unsecured Creditors (the "Committee") of UBI Liquidating Corp., et al.,[2] as debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned jointly administered chapter 11 cases, respectfully represents:

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are UBI Liquidating Corp. (3678), 100% Girls Ltd. (4150), 100% Girls of Georgia, Inc. (4159), 100% Girls of New York, Inc. (2149), 100 Percent Girls of New Jersey, Inc. (4167), A.S. Interactive, Inc. (3472), ASL Liquidating Corp. (4541), Ashley Stewart Apparel Corporation (4049), Ashley Stewart Clothing Company, Inc. (4051), ASMCI Liquidating Corp. (4053), ASWL Liquidating Corp. (4152), ASIL 6, Inc. (3996), ASNJ 10, Inc. (4004), Carraizo Alto Apparel Corporation (4651), Church Street Retail, Inc. (5954), Kid Spot Ltd. (2585), Kidspot of Delaware, Inc. (2596), Kidspot of Illinois, Inc. (2606), Kidspot of Michigan, Inc. (2603), Kidspot of New Jersey, Inc. (2601), Kidspot of Ohio, Inc. (4705), Kidspot of Pennsylvania, Inc. (2599), Kidspot of Texas, Inc. (3809), Large Apparel of Alabama, Inc. (0624), Large Apparel of California, Inc. (2129), Large Apparel of Connecticut, Inc. (5161), Large Apparel of District of Columbia, Inc. (8613), Large Apparel of Florida, Inc. (2209), Large Apparel of Georgia, Inc. (3894), Large Apparel of Illinois, Inc. (4650), Large Apparel of Indiana, Inc. (4055), Large Apparel of Louisiana, Inc. (3790), Large Apparel of Maryland, Inc. (5158), Large Apparel of Michigan, Inc. (9420), Large Apparel of Mississippi, Inc. (5913), Large Apparel of Missouri, Inc. (2135), Large Apparel of New Jersey, Inc. (5157), Large Apparel of New York, Inc. (5956), Large Apparel of North Carolina, Inc. (8611), Large Apparel of Ohio, Inc. (3815), Large Apparel of Pennsylvania, Inc. (4057), Large Apparel of South Carolina, Inc. (2029), Large Apparel of Tennessee, Inc. (3895), Large Apparel of Texas, Inc. (3787), Large Apparel of Virginia, Inc. (2809) Large Apparel of Wisconsin, Inc. (3898), Marianne Ltd. (3940), Marianne USPR, Inc. (2193), Marianne VI, Inc. (2206), Metro Apparel of Kentucky, Inc. (7533), Metro Apparel of Massachusetts, Inc. (1367), The Essence of Body & Soul, Ltd. (4165), UACONJI Liquidating Corp. (2976), UACONYI Liquidating Corp. (4103), and UBTHC Liquidating Corp. (5909). The Debtors' corporate offices are located at 100 Metro Way, Secaucus, New Jersey 07094.

[2] Formerly Urban Brands, Inc., et al.

## INTRODUCTION

1. This is Applicant's fourth monthly application (the "Application") for allowance of compensation and reimbursement of expenses pursuant to section 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and this Court's *Order Granting Motion of the Debtors for an Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals*, dated October 13, 2010 (the "Interim Compensation Order") (Doc. No. 192).

2. This Application seeks allowance of compensation for legal services rendered by Applicant in the total amount of **$23,975.50** and reimbursement of certain actual and necessary expenses incurred by (or first billed by outside vendors to) Applicant in the amount of **$316.36** for the period of January 1, 2011 through January 31, 2011 (the "Compensation Period"), all as more fully set forth below. Pursuant to the Interim Compensation Order, if no objections are filed to this Application, the Debtors are authorized to pay Applicant 80% of its fees, in the amount of $19,180.40, and 100% of its expenses. This Application complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Interim Compensation Order.

## BACKGROUND

3. On September 21, 2010 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

4. On October 1, 2010, the Committee was appointed in these cases by the Office of the United States Trustee for the District of Delaware, consisting of the following 7 members: (i) Simon Property Group, (ii) GGP Limited Partnership, (iii) International Inspirations Ltd., (iv) Angel Made in Heaven Inc., (v) Signsource, Inc., (vi) Natural Collection Corp. and (vii) Rosenthal & Rosenthal, Inc. That same day, the Committee met and decided that it wished to employ Cooley LLP as its lead counsel and Ballard Spahr LLP as its local counsel to advise and represent it in these proceedings *nunc pro tunc* to October 1, 2010.

5. On October 21, 2010, the Committee filed its *Application to Employ/Retain Cooley LLP as Lead Counsel to the Official Committee of Unsecured Creditors* (Doc. No. 297), as to which there was no objection. Applicant's retention was approved by order of the Court entered on November 12, 2010 (Doc. No. 492).

6. Pursuant to the Interim Compensation Order, Applicant is required to file monthly fee applications with this Court. If no objections are filed to this Application, the Debtors are authorized to pay Applicant 80% of its fees and 100% of its expenses.

## JURISDICTION AND STATUTORY PREDICATES

7. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are §§ 105(a), 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

## SERVICES RENDERED DURING PRESENT COMPENSATION
## PERIOD OF JANUARY 1, 2011 AND JANUARY 31, 2011

8. During the Compensation Period, Applicant's services to the Committee included professional advice and representation in connection with discrete categories in these chapter 11

DMEAST #13441342 v1

cases. The aggregate hours and amount for each category is set forth below and on the summary sheet to this Application.

9. During the Compensation Period, Applicant, on behalf of and in consultation with the Committee, maintained an active role in these chapter 11 cases.

10. To apprise this Court of the legal services rendered during the Compensation Period, Applicant sets forth the following summary of legal services rendered. The summary is intended only to highlight the general categories of services performed by Applicant on behalf of the Committee during the Compensation Period. It is not intended to set forth each and every item of professional services which Applicant performed.

**Asset Analysis and Recovery (01)**

11. This category includes time expended by Applicant in connection with the preparation and analysis of recovery analyses. Applicant expended 5.2 hours of time in this category for a charge of $4,219.00.

**Asset Disposition (02)**

12. This category includes time expended by Applicant in connection with post-closing issues related to the disposition of the Debtors' assets. Applicant expended 5.7 hours of time in this category for a charge of $3,544.50.

**Case Administration (04)**

13. This category includes time expended by Applicant relating to a variety of activities concerning the day-to-day management and prosecution of these chapter 11 cases. Services rendered in this project category include regular contact with Committee members and other parties in these cases regarding administrative issues, including various correspondence

related to confidentiality issues, critical dates, information requests, and issues related to the sale of the Debtors' assets.

14. Applicant expended 2.1 hours of time for a charge of $1,677.50 for services rendered with respect to matters relating to case administration.

**Claims (05)**

15. This category includes time expended by Applicant with respect to various claims asserted against the Debtors' estates. Applicant spent time in this category reviewing and analyzing 503(b)(9) claims asserted against the Debtors, reviewing the extent and priority of the liens asserted against the Debtors' assets and corresponding with creditors regarding the claims reconciliation process.

16. Applicant expended 8.5 hours of time for a charge of $6,646.50 for services rendered with respect to claims matters.

**Fee/Employment Applications (07)**

17. This category includes time expended by Applicant on matters concerning the retention and compensation of various professionals in the Debtors' bankruptcy cases. Applicant spent time during the Compensation Period on issues concerning, among other things: (i) preparation of Applicant's third fee statement; and (ii) review of the fee statements of other estate professionals.

18. Applicant expended 2.4 hours of time for a charge of $1,480.50 for services rendered with respect to matters relating to fee/employment applications.

**Meetings (11)**

19. This category includes time expended by Applicant in meetings with respect to various issues that arose during the period from January 1, 2011 to January 31, 2011. Applicant

expended 5.6 hours of time for a charge of $4,311.00 for services rendered with respect to matters relating to metings.

**Leases and Executory Contracts (18)**

20. This category includes time expended by Applicant regarding the Debtors' proposed assumption and rejection of their non-residential real property leases. Applicant expended 2.2 hours of time for a charge of $1,489.00 in this category.

### MATTERS PERTAINING TO APPLICANT

21. Applicant maintained contemporaneous time records indicating the time that each attorney and para-professional spent working on a particular matter and the nature of the work performed. Copies of these time records are annexed to this Application as **Exhibit "A"**. The total number of hours expended by Applicant's attorneys and para-professionals during the Compensation Period in conjunction with this case is 32.6. All of the services have been rendered by those individuals at Applicant's firm as listed on the summary sheet filed contemporaneously herewith.

22. The personnel who have expended extensive time on this matter during the Compensation Period are as follows: (a) <u>Lawrence C. Gottlieb and Cathy Hershcopf</u>: Mr. Gottlieb and Ms. Hershcopf have been actively involved in all supervisory and day-to-day aspects of these cases regarding the Sale; and (b) <u>Michael A. Klein</u>: Mr. Klein was responsible for various day-to-day issues that arose during the Compensation Period.

23. Many of the items that have been reviewed are unique to retail-type bankruptcy proceedings. It is respectfully submitted that Applicant's expertise in retail bankruptcy cases has caused certain issues to be reviewed without difficulty, as other bankruptcy attorneys without expertise in retail cases would have had to spend more time researching issues and, in addition,

would not have been familiar with the issues applicable to this type of case. Some of the more recent retail chapter 11 cases in which Applicant has been retained include: Against All Odds in Newark, New Jersey; Any Mountain in Santa Rosa, California; Archibald Candy Corporation in Chicago, Illinois; Bag n' Baggage in Dallas, Texas; Blockbuster in New York, New York; Bombay in Fort Worth, Texas; Boscov's in Wilmington, Delaware; Casual Male in New York, New York; Claim Jumper in Wilmington, Delaware; Dry Ice in St. Louis, Missouri; Eddie Bauer in Wilmington, Delaware; EPV Solar in Newark, New Jersey; Filene's Basement in Wilmington, Delaware; Gottschalk's in Wilmington, Delaware; Harvey Electronics in New York, New York; Jacobson's Stores in Detroit, Michigan; Leather Loft Stores in Manchester, New Hampshire; Leatherland in Toledo, Ohio; Lenox Sales in New York, New York; Levitz Home Furnishings, Inc. in New York, New York; Long Rap in Washington, D.C.; Moe Ginsburg in New York, New York; Pizzeria Uno in New York, New York; PLVTZ in New York, New York; Princeton Ski Shops in Newark, New Jersey; Ritz Camera in Wilmington, Delaware; Steve & Barry's in New York, New York; Shoe Pavilion in Los Angeles, California; Sierra Snowboard in San Jose, California; Steve's Shoes in Kansas City, Kansas; Sun Apparel Warehouse in Philadelphia, Pennsylvania; Today's Man II in Camden, New Jersey; and Troutman's Emporium in Eugene, Oregon.

24. Applicant also has extensive experience representing creditors' committees in Delaware cases, including Big 10 Tires, Bob's Stores, Boscov's, Claim Jumper, Copelands Enterprises, Cosmetic Center, Domain, Eddie Bauer, Filene's Basement, Goody's, Gottschalks, Hancock Fabrics, J. Silver Clothing, Just for Feet, KB Toys, Kuppenheimers, Lids Corporation, Lillian Vernon, Loehmann's, Long John Silver's Restaurants, Mervyn's, Montgomery Ward II,

Pic 'N Pay Stores, Renaissance Cosmetics, Scotty's, Sharper Image, Today's Man I, Urban Brands, Weiner's Stores, Wickes and Woodworker's Warehouse.

25. Applicant rendered all the professional services for which compensation is requested herein in connection with the Debtors' chapter 11 cases in furtherance of Applicant's professional responsibilities as attorneys for the Committee.

26. During the Compensation Period, the partners, associates and para-professionals of Applicant devoted substantial time, 32.6 hours, in rendering professional services to the Committee, all of which time was reasonable and necessary.

27. Applicant, by experience, training and ability, is fully qualified to perform the services for which compensation is sought herein. Applicant represents or holds no interest adverse to the Committee with respect to the matters upon which it is engaged.

28. No agreement or understanding exists between Applicant and any other entity for the sharing of compensation to be received for services rendered in or in connection with these chapter 11 cases.

## EXPENSES

29. Annexed as part of the summary sheet to this Application is a list of the necessary and actual disbursements incurred during the Compensation Period in connection with the above-described services. The list is derived from the information found beginning on page 13 of Exhibit "A". These records indicate that Applicant has advanced or will have advanced during the Compensation Period, the sum of **$316.36** in necessary and actual out-of-pocket expenses. In connection with these expenses, it should be noted that Applicant charges $1.00 per page for outgoing telefacsimilies with no charge for incoming telefacsimilies, 10¢ per page for photocopying and charges for meals only necessitated by meetings with the Debtors or the

Committee or when Applicant's personnel would work on this case through a normal meal period.

## CONCLUSION

30. Applicant respectfully submits that the professional services that it rendered during the Compensation Period were necessary and beneficial to the Committee and respectfully requests that this Court allow Applicant the sum of **$23,975.50** for professional fees plus the sum of **$316.36** representing Applicant's actual and necessary out-of-pocket disbursements incurred during the Compensation Period (inclusive of Committee member reimbursable expenses). Pursuant to the Interim Compensation Order, Applicant requests that the Debtors be authorized and directed to pay Applicant 80% of its total fees billed during the Compensation Period ($19,180.40) and 100% of its expenses to the extent no objection to this Application is filed.

## NOTICE, PRIOR APPLICATION AND CERTIFICATION

31. Pursuant to the Interim Compensation Order, notice of this Application has been provided to (i) the Debtors; (ii) counsel for the Debtors; (iii) counsel to the Debtors' prepetition and postpetition lenders; and (iv) the US Trustee. Applicant submits that the foregoing constitutes good and sufficient notice and that no other or further notice need be given.

32. No previous application for the relief sought herein has been made to this or any other court.

Applicant has reviewed the requirements of the Local Rules and this Application complies with those rules.

**WHEREFORE**, Applicant hereby respectfully requests: (i) an interim allowance of compensation for Applicant's duly authorized, necessary and valuable services to the Committee during the Compensation Period in the aggregate amount of **$23,975.50** and payment of 80% of such amount ($19,180.40); (ii) reimbursement to Applicant for actual and necessary expenses incurred during the Compensation Period in connection with the aforesaid services in the aggregate amount of **$316.36**; and (iii) such other and further relief as the Court deems just and proper.

Dated: March 2, 2011
New York, New York

    COOLEY LLP
    1114 Avenue of the Americas
    New York, New York 01136
    (212) 479-6000
    Lawrence C. Gottlieb (LG 2565)
    Cathy Hershcopf (CH 5875)
    Jeffrey L. Cohen (JC 2556)
    Michael Klein (MK 7479)

    /s/ Lawrence C. Gottlieb

    *Lead Counsel for the Official Committee Of Unsecured Creditors*

DMEAST #13441342 v1