# UNITED STATES BANKRUPTCY COURT

## District of Delaware

In re:  Urban Brands, Inc.        Case No. 10-13005

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the
transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| TRC MASTER FUND LLC<br>Name of Transferee | GWENDOLYN SCOTT-ADAMS<br>Name of Transferor |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known):  N/A<br>Allowed Amount of Claim:  USD$150,000.00 (as per Docket # 1248, the Order Approving Settlement Agreement Between Debtors and Gwendolyn Scott-Adams Resolving New York Action and Motion for Relief from Stay)<br>Date Claim Filed:  N/A |
| TRC MASTER FUND LLC<br>Attn: Terrel Ross<br>336 Atlantic Avenue Suite 302<br>East Rockaway, NY 11518 | |
| Phone:  516-255-1801<br>Last four digits of Acct#:  N/A | Phone: (212) 841-1186<br>Last four digits of Acct.#:  N/A |
| Name and address where transferee payments should be sent (if different from above): | Name and Current Address of Transferor: |
| Phone:  N/A<br>Last four digits of Acct#:  N/A | GWENDOLYN SCOTT-ADAMS<br>658 E. 216th Street<br>Bronx, NY 10467 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the
best of my knowledge and belief.

By:  /s/Terrel Ross                    Date: July 8, 2011
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

# EVIDENCE OF TRANSFER OF CLAIM

### Exhibit A to Assignment of Claim

TO:   United States Bankruptcy Court   ("Bankruptcy Court")
District of Delaware
824 North Market Street, 3rd Floor
Wilmington, DE 19801-3024
Attention: Clerk

AND TO:   URBAN BRANDS, INC.   ("Debtor")
Case No. 10-13005

Claim # N/A

**GWENDOLYN SCOTT-ADAMS**, its successors and assigns ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto:

TRC MASTER FUND LLC
336 Atlantic Avenue Suite 302
East Rockaway, NY 11518
Attention: Terrel Ross

its successors and assigns ("Assignee"), all of Assignor's rights, title, interest, claims and causes of action in and to, or arising under or in connection with its Allowed Claim in the amount of **USD$150,000.00** ("Claim"), as referenced in Docket No. 1248, the Order Approving Settlement Agreement Between Debtors and Gwendolyn Scott-Adams Resolving New York Action and Motion for Relief from Stay, against the Debtor in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by rule 3001 of the federal Rules of Bankruptcy procedure, the Bankruptcy code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring the Claim and recognizing the Assignee as the sole owners and holders of the Claim.

Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, THIS EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS ___7___ DAY OF _July_____, 2011.

ASSIGNOR: GWENDOLYN SCOTT-ADAMS        ASSIGNEE: TRC MASTER FUND LLC

_____        _____
(Signature)                            (Signature)

Gwendolyn Scott-Adams                  Terrel Ross
(Print Name)                           (Print Name)

_____        Managing Member
(Title)                                (Title)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UBI Liquidating Corp., <u>et al.</u>,[1] | ) | Case No. 10-13005 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Re: Docket No. 538, 1 2 4 6 |

## ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN DEBTORS AND GWENDOLYN SCOTT-ADAMS RESOLVING NEW YORK ACTION AND MOTION FOR RELIEF FROM STAY

The Court having considered the settlement agreement (the "Settlement Agreement")

between the above-captioned debtors and debtors in possession and Gwendolyn Scott-Adams

(the "Claimant," and collectively, the "Parties") resolving the Claimant's civil action against

UBI Liquidating Corp. (f/k/a Urban Brands, Inc.) in the United States District Court for the

Southern District of New York, captioned <u>Gwendolyn Scott-Adams v. Urban Brands, Inc.</u>, Case

No. 07-Civ. 746 (DCF), and the *Motion of Gwendolyn Scott-Adams for Relief from Stay under*

*Bankruptcy Code Section 362(d), Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1*

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are UBI Liquidating Corp. (3678), 100% Girls Ltd. (4150), 100% Girls of Georgia, Inc. (4159), 100% Girls of New York, Inc. (2149), 100 Percent Girls of New Jersey, Inc. (4167), A.S. Interactive, Inc. (3472), ASL Liquidating Corp. (4541), Ashley Stewart Apparel Corporation (4049), Ashley Stewart Clothing Company, Inc. (4051), ASMCI Liquidating Corp. (4053), ASWL Liquidating Corp. (4152), ASIL 6, Inc. (3996), ASNJ 10, Inc. (4004), Carraizo Alto Apparel Corporation (4651), Church Street Retail, Inc. (5954), Kid Spot Ltd. (2585), Kidspot of Delaware, Inc. (2596), Kidspot of Illinois, Inc. (2606), Kidspot of Michigan, Inc. (2603), Kidspot of New Jersey, Inc. (2601), Kidspot of Ohio, Inc. (4705), Kidspot of Pennsylvania, Inc. (2599), Kidspot of Texas, Inc. (3809), Large Apparel of Alabama, Inc. (0624), Large Apparel of California, Inc. (2129), Large Apparel of Connecticut, Inc. (5161), Large Apparel of District of Columbia, Inc. (8613), Large Apparel of Florida, Inc. (2209), Large Apparel of Georgia, Inc. (3894), Large Apparel of Illinois, Inc. (4650), Large Apparel of Indiana, Inc. (4055), Large Apparel of Louisiana, Inc. (3790), Large Apparel of Maryland, Inc. (5158), Large Apparel of Michigan, Inc. (9420), Large Apparel of Mississippi, Inc. (5913), Large Apparel of Missouri, Inc. (2135), Large Apparel of New Jersey, Inc. (5157), Large Apparel of New York, Inc. (5956), Large Apparel of North Carolina, Inc. (8611), Large Apparel of Ohio, Inc. (3815), Large Apparel of Pennsylvania, Inc. (4057), Large Apparel of South Carolina, Inc. (2029), Large Apparel of Tennessee, Inc. (3895), Large Apparel of Texas, Inc. (3787), Large Apparel of Virginia, Inc. (2809), Large Apparel of Wisconsin, Inc. (3898), Marianne Ltd. (3940), Marianne USPR, Inc. (2193), Marianne VI, Inc. (2206), Metro Apparel of Kentucky, Inc. (7533), Metro Apparel of Massachusetts, Inc. (1367), The Essence of Body & Soul, Ltd. (4165), UACONJI Liquidating Corp. (2976), UACONYI Liquidating Corp. (4103), and UBTHC Liquidating Corp. (5909). The Debtors' corporate offices are located at 100 Metro Way, Secaucus, New Jersey 07094.

[D.I. 538] filed in this Court, attached hereto as Exhibit 1, agreed to by the Parties; and the Court having determined that good and adequate cause exists for approval of the Settlement Agreement;

IT IS HEREBY ORDERED THAT:

1.  The Settlement Agreement is APPROVED.

2.  The Parties are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Settlement Agreement.

3.  This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Settlement Agreement or this Order.

Dated: _May 25_, 2011
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (this "Agreement") is made this 25th day of May, 2011, by and between UBI Liquidating Corp. and its affiliated debtors and debtors (the "Debtors") on the one hand, and Gwendolyn Scott-Adams (the "Claimant"), on the other hand.

## RECITALS

WHEREAS, on January 31, 2007, the Claimant commenced civil action Case No. 07-Civ. 746 (DCF) against UBI Liquidating Corp. (f/k/a Urban Brands, Inc.) (the "Action") in the United States District Court for the Southern District of New York;

WHEREAS, on September 21, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on November 30, 2010, the Claimant filed the Motion of Gwendolyn Scott-Adams for Relief from Stay under Bankruptcy Code Section 362(d), Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 (the "Motion for Relief from Stay");

WHEREAS, the Debtors and the Claimant desire to fully resolve and settle the Action, the Motion for Relief from Stay, and whatever other disputes may exist between the Debtors and the Claimant;

WHEREAS, the Debtors and the Claimant have agreed to settle the Action, and whatever other disputes may exist between the Debtors and the Claimant on the terms set forth in this Agreement;

WHEREAS, the Claimant intends to release the Debtors, and release such other persons as are necessary to end all disputes between the Debtors, the Debtors' estates, and the Claimant, but does not intend to release any other person for liability for claims and disputes other than those that have been or could have been asserted by the Claimant against the Debtors or Debtors' estates;

WHEREAS, the Debtors' cases are presently pending in the Bankruptcy Court;

WHEREAS, the self-insured obligation under the Debtors' employment practices liability insurance policy is $100,000; and

WHEREAS, the Claimant and the Debtors have negotiated and reached this Agreement in good faith.

## THE AGREEMENT

**NOW, THEREFORE,** in consideration of the mutual releases set forth herein and the allowance of certain claims provided herein by the Debtors to the Claimant, which the Claimant and the Debtors agree is good and valuable consideration for the various covenants, releases, and understandings set forth in this Agreement, it is hereby agreed by the Debtors and the Claimant (collectively, the "Parties") as follows:

1.    Settlement Consideration:  In full and final satisfaction of the Action and any other claims by Claimant, the Claimant shall be entitled to an allowed unsecured, non-priority claim in the amount of $150,000.00 against UBI Liquidating Corp. (collectively, the "Consideration").  Neither of the Parties shall have the right to any further or additional claim. The Claimant shall receive payment in respect of the consideration as soon as reasonably practical after confirmation and effectiveness of and pursuant to the terms of a confirmed plan of reorganization (which may be at the time of any initial distribution to unsecured creditors).

2.    Releases by the Claimant:  The Claimant releases and forever discharges the (i) the Debtors, (ii) the Official Committee of Unsecured Creditors (the "Committee"), (iii) the Debtors' estates, and (iv) agents, officers, directors, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind of the Debtors or the Committee (collectively, the "Released Affiliates"), from each and every right, claim, debt, cause of action, demand, suit for damages, liabilities, legal fees, advisory fees, consultant fees, management fees, acts or rights of action of any nature whatsoever, whether asserted or unasserted, direct or indirect, known or unknown, with respect to any claims that the Claimant had, has, or may have against the Debtors, the Committee, the Debtors' estates, and/or the Released Affiliates, except for the Consideration, as of the date hereof from the beginning of time, including, but not limited to the Action.  The Claimant expressly waives the right to seek reconsideration of any claims of the Claimant pursuant to section 502(j) of the Bankruptcy Code

3.    Predecessors, Successors, and Assigns:  All persons or business entities granting releases hereby include any assignee, predecessor in interest, or successor in interest of the respective grantor.  All persons or business entities released hereby include any predecessor in liability or successor in liability for the released liability.

4.    Court Approval:  This Agreement is subject to Bankruptcy Court approval.  The Agreement shall be effective when it has been executed by the Parties and approved by the Bankruptcy Court, and becomes final and non-appealable.  The Parties shall seek and support court approval of this Agreement.  In the event that any court denies approval of this Agreement pursuant to Bankruptcy Rule 9019(a) by a final and non-appealable order, then it shall be null and void.  Nothing contained herein shall require any Party to appeal disapproval of this Agreement.

5.    Stipulation:  Following Bankruptcy Court approval, the Parties shall cause their counsel to promptly execute and deliver to the other a Stipulation of Dismissal of the Action in substantially the same form of Exhibit A hereto. The Claimant shall cause such Stipulation to be promptly filed with the Clerk of the United States District Court for the Southern District of New York, after court approval of the settlement becomes final and non-appealable.

2

6. <u>Understanding and Counsel</u>: The Parties represent and warrant that (i) they have read and understand the terms of this Agreement, (ii) they have been represented by counsel with respect to this Agreement and all matters covered by and relating to it, and (iii) they have entered into this Agreement for reasons of their own and not based upon representations of any other party hereto.

7. <u>Legal Fees and Costs</u>: Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to the Complaint, the Litigation and this Agreement.

8. <u>Entire Agreement</u>: This Agreement constitutes the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties.

9. <u>Amendments</u>: This Agreement may not be orally modified. This Agreement may only be modified in a writing signed by all of the Parties.

10. <u>Headings</u>: All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Agreement.

11. <u>Construction</u>: As used herein, the plural shall include the singular, and the singular shall include the plural, unless the context or intent indicates to the contrary. "Person" shall include natural persons, corporations, partnerships, and/or any other entity which by law is treated as or has the rights of a natural person.

12. <u>Waiver and Modification</u>: The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Agreement, or to exercise any option herein contained, shall not be construed as a waiver, or a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.

13. <u>Jurisdiction</u>: By this Agreement, each of the Parties submits to the jurisdiction of the United States Bankruptcy Court for the District of Delaware for any action to enforce or interpret this Agreement.

14. <u>Counterparts and Facsimile Signatures</u>: This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if one document had been signed by all of the Parties. This Agreement may be executed by facsimile copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

15. <u>Further Necessary Actions</u>: To the extent that any document is required to be executed by any Party to effectuate the purposes of this Agreement, the Party will execute and deliver such document or documents to the requesting Party.

16. <u>Actions to Enforce</u>: Should any action be brought by one of the Parties to enforce any provision of this Agreement, the non-prevailing party to such action shall reimburse the prevailing party for all reasonable attorneys' fees and court costs and other expenses incurred by the prevailing party in said action to enforce.

3

17.    Delaware Law:  This Agreement shall be construed and interpreted in accordance with the laws of the State of Delaware.  This Agreement shall not be construed against any of the Parties but shall be given a reasonable interpretation.

**WHEREFORE,** the Parties hereto have executed this Agreement under seal on the day and year set forth above.

UBI Liquidating Corp. and its affiliated
debtors and debtors in possession

By: _STEPHEN A. FELDMAN_                    _____
Title: CHIEF RESTRUCTURING OFFICER         Gwendolyn Scott-Adams

as if all Parties had executed a single original document.

Further Necessary Actions:  To the extent that any document is required to be executed by any Party to effectuate the purposes of this Agreement, the Party will execute and deliver such document or documents to the requesting Party.

Actions to Enforce:  Should any action be brought by one of the Parties to enforce any provision of this Agreement, the non-prevailing party to such action shall reimburse the prevailing party for all reasonable attorneys' fees and court costs and other expenses incurred by the prevailing party in said action to enforce.

Delaware Law:  This Agreement shall be construed and interpreted in accordance with the laws of the State of Delaware.  This Agreement shall not be construed against any of the Parties but shall be given a reasonable interpretation.

**WHEREFORE**, the Parties hereto have executed this Agreement under seal on the day and year set forth above.


UBI Liquidating Corp. and its affiliated
debtors and debtors in possession

By:

Gwendolyn Scott-Adams

Title: