IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UBI Liquidating Corp., et al.,[1] | ) | Case No. 10-13005 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | Re: Docket No. 1349 |

**ORDER (A) APPROVING FORM AND MANNER OF NOTICE OF DISCLOSURE STATEMENT HEARING, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PROPOSED CHAPTER 11 PLAN, (C) SCHEDULING A HEARING ON CONFIRMATION OF PROPOSED CHAPTER 11 PLAN AND APPROVING RELATED NOTICE PROCEDURES, AND (D) EXTENDING THE DEBTORS' EXCLUSIVE SOLICITATION PERIOD THROUGH AND INCLUDING OCTOBER 31, 2011**

This matter coming before the Court on the *Motion of Debtors and Debtors in Possession for an Order (A) Approving Form and Manner of Notice of Disclosure Statement Hearing, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Proposed Chapter 11 Plan, (C) Scheduling a Hearing on Confirmation of Proposed Chapter 11 Plan and Approving Related Notice Procedures, and (D) Extending the Debtors' Exclusive Solicitation*

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are UBI Liquidating Corp. (3678), 100% Girls Ltd. (4150), 100% Girls of Georgia, Inc. (4159), 100% Girls of New York, Inc. (2149), 100 Percent Girls of New Jersey, Inc. (4167), A.S. Interactive, Inc. (3472), ASL Liquidating Corp. (4541), Ashley Stewart Apparel Corporation (4049), Ashley Stewart Clothing Company, Inc. (4051), ASMCI Liquidating Corp. (4053), ASWL Liquidating Corp. (4152), ASIL 6, Inc. (3996), ASNJ 10, Inc. (4004), Carraizo Alto Apparel Corporation (4651), Church Street Retail, Inc. (5954), Kid Spot Ltd. (2585), Kidspot of Delaware, Inc. (2596), Kidspot of Illinois, Inc. (2606), Kidspot of Michigan, Inc. (2603), Kidspot of New Jersey, Inc. (2601), Kidspot of Ohio, Inc. (4705), Kidspot of Pennsylvania, Inc. (2599), Kidspot of Texas, Inc. (3809), Large Apparel of Alabama, Inc. (0624), Large Apparel of California, Inc. (2129), Large Apparel of Connecticut, Inc. (5161), Large Apparel of District of Columbia, Inc. (8613), Large Apparel of Florida, Inc. (2209), Large Apparel of Georgia, Inc. (3894), Large Apparel of Illinois, Inc. (4650), Large Apparel of Indiana, Inc. (4055), Large Apparel of Louisiana, Inc. (3790), Large Apparel of Maryland, Inc. (5158), Large Apparel of Michigan, Inc. (9420), Large Apparel of Mississippi, Inc. (5913), Large Apparel of Missouri, Inc. (2135), Large Apparel of New Jersey, Inc. (5157), Large Apparel of New York, Inc. (5956), Large Apparel of North Carolina, Inc. (8611), Large Apparel of Ohio, Inc. (3815), Large Apparel of Pennsylvania, Inc. (4057), Large Apparel of South Carolina, Inc. (2029), Large Apparel of Tennessee, Inc. (3895), Large Apparel of Texas, Inc. (3787), Large Apparel of Virginia, Inc. (2809), Large Apparel of Wisconsin, Inc. (3898), Marianne Ltd. (3940), Marianne USPR, Inc. (2193), Marianne VI, Inc. (2206), Metro Apparel of Kentucky, Inc. (7533), Metro Apparel of Massachusetts, Inc. (1367), The Essence of Body & Soul, Ltd. (4165), UACONJI Liquidating Corp. (2976), UACONYI Liquidating Corp. (4103), and UBTHC Liquidating Corp. (5909). The Debtors' corporate offices are located at 100 Metro Way, Secaucus, New Jersey 07094.

*Period Through and Including October 31, 2011* (the "Motion"), filed by the above-captioned debtors and debtors in possession (the "Debtors"); the Court having reviewed the Motion and having heard statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"), and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

THE COURT HEREBY FINDS THAT:

A. Capitalized terms not otherwise defined in this Order have the meanings given to them in the Motion.

B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

D. Notice of the Motion and the Hearing, made in the manner described in the Motion, was sufficient and appropriate under the circumstances and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

E. The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtors' respective estates and creditors.

F. The form of ballot attached hereto as Exhibit 1 (the "Ballot") (1) is consistent with Official Form No. 14, (2) adequately addresses the particular needs of these chapter 11 cases, (3) is appropriate for the class of claims entitled to vote to accept or reject the Plan and (4) complies with Bankruptcy Rule 3017(d).

G. Ballots need not be provided to holders of claims and interests in Classes 1, 2, 3 and 5 under the Plan because: (1) Classes 1, 2 and 3 under the Plan are unimpaired and are conclusively presumed to accept the Plan in accordance with section 1126(f) of the Bankruptcy

Code; and (2) holders of interests in Class 5 under the Plan neither retain nor receive any property under the Plan and are deemed to reject the Plan in accordance with section 1126(g) of the Bankruptcy Code.

H. The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides a sufficient time for creditors to make informed decisions to accept or reject the Plan and submit timely Ballots.

I. The procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

J. The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Hearing Notice comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Ballot substantially in the form attached hereto as <u>Exhibit 1</u>, including the instructions attached to the Ballot, is APPROVED. The Ballot shall be distributed to holders of claims in Class 4 (General Unsecured Claims), which are entitled to vote to accept or reject the Plan.

3. To be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered to BMC Group, Inc., the Debtors' noticing and balloting agent (the "<u>Voting Agent</u>"), either (a) by mail in the return envelope provided with each Ballot, (b) by overnight courier or (c) by personal delivery so that, in each case, they are received by the

Voting Agent no later than 5:00 p.m. (Eastern Time) on October 12, 2011 or such other date established by the Debtors that is at least twenty-eight (28) days after the commencement of the solicitation period (the "Voting Deadline").

4. Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, a claim and without prejudice to the rights of the Debtors in any other context, each claim within a Voting Class shall be temporarily allowed in accordance with the following rules (collectively, the "Tabulation Rules"):

    a. Unless otherwise provided in the Tabulation Rules described below, a claim will be deemed temporarily allowed for voting purposes in an amount equal to (i) if a timely filed proof of claim has not been filed, the amount of such claim as set forth in the schedules of assets and liabilities, filed by each of the Debtors on October 21-22, 2011 (collectively, the "Schedules"), provided that the claim is not listed therein as contingent, unliquidated or disputed, or (ii) the amount of such claim as set forth in a timely filed proof of claim;

    b. If a claim is deemed allowed in accordance with the Plan, such claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth in the Plan;

    c. If a claim for which a proof of claim has been timely filed is marked in whole or in part as contingent, unliquidated or disputed on its face, such portion of the claim that is marked as contingent, unliquidated or disputed will be temporarily allowed for voting purposes in the amount of $1.00;

    d. If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court;

    e. If a claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not timely filed, such claim will be disallowed for voting purposes;

    f. If the Debtors have filed and served an objection to a claim at least thirty (30) days before the Voting Deadline, such claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection; and

g.  If a claim holder identifies a claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

5. If any claimant seeks to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Rules, such claimant shall file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "<u>Rule 3018 Motion</u>") and serve such motion on the Debtors so that it is received no more than fifteen (15) days after the later of (a) the date of service of the Confirmation Hearing Notice (as such term is defined below) and (b) the date of service of a notice of an objection, if any, to the underlying claim. Any Ballot submitted by a creditor that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules and the other applicable provisions contained herein unless and until the underlying claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

6. In tabulating the Ballots, the following additional procedures shall be utilized: (a) if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last dated properly executed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus will supersede any prior Ballots; (b) creditors will be required to vote all of their claims either to accept or reject the Plan and may not split their votes; thus, a Ballot (or a group of Ballots within a Plan class received from a single creditor) that partially rejects and partially accepts the Plan will not be counted; (c) Ballots that are otherwise validly executed but do not indicate either acceptance or rejection of the Plan will not be counted; and (d) the Voting Agent will not accept Ballots by facsimile transmission.

5

7. The Confirmation Hearing is scheduled to be conducted on October 19, 2011 at 1:00 p.m. (Eastern Time). The Confirmation Hearing may be continued from time to time by the Debtors without further notice other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing.

8. Objections, if any, to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection to confirmation of the Plan; and (d) be filed with the Court and served on (i) the Debtors: UBI Liquidating Corp., *et al.*, 100 Metro Way, Secaucus, New Jersey 07094-1906, (Attention: Stephen Feldman); (ii) counsel to the Debtors: Richards, Layton & Finger, One Rodney Square, 920 King Street, Wilmington, Delaware 19801 (Attention: Mark D. Collins, Esq.); (iii) counsel to the Official Committee of Unsecured Creditors: Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attention: Lawrence C. Gottlieb, Esq.), and Ballard Spahr Andrews & Ingersoll, LLP, 919 North Market Street, 12th Floor, Wilmington, Delaware 19801-3034 (Attention: Leslie C. Heilman, Esq.); and (iv) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attention: David Buchbinder, Esq.) so that they are received no later than 4:00 p.m. (Eastern Time) on October 12, 2011 or such other date established by the Debtors that is at least twenty-eight (28) days after the commencement of the solicitation period (the "Confirmation Objection Deadline").

9. The Confirmation Hearing Notice in substantially the form attached hereto as Exhibit 2 is APPROVED. The Debtors shall serve copies of the Confirmation Hearing Notice, along with the other materials comprising the Solicitation Package on all creditors and equity security holders. In addition, the Debtors shall publish a notice substantially in the form of the

Confirmation Hearing Notice not less than twenty (20) days before the Confirmation Hearing in the national edition of *The New York Times*.

10. Pursuant to Bankruptcy Rule 3017(d), September 7, 2011 shall be the record date for purposes of determining which creditors are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "Voting Record Date").

11. With respect to a transferred claim, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of such claim only if by the Voting Record Date (a) all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed or (b) the transferee files (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer. Each transferee shall be treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code and the other voting and solicitation procedures set forth in this Order.

12. The Debtors are directed to mail or cause to be mailed Solicitation Packages containing copies of: (a) the Confirmation Hearing Notice; (b) a CD containing the Disclosure Statement (together with the exhibits thereto, including the Plan, that have been filed with the Court before the date of the mailing) and this Disclosure Statement Order (exclusive of exhibits); and (c) for Solicitation Packages sent to holders of claims in the Voting Class, the form of Ballot, a Ballot return envelope and such other materials as the Court may direct.

13. The Debtors are directed to mail or cause to be mailed the Solicitation Packages no less than twenty-eight (28) days prior to the Confirmation Objection Deadline. In addition to mailing a Solicitation Package to each holder of a claim or claims in the Voting Class on or before the Voting Record Date, the Debtors shall mail or cause to be mailed a Solicitation

Package (exclusive of the Ballot) to: (a) the U.S. Trustee; (b) counsel to the Creditors' Committee; (c) counsel to Bank of America; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Attorney for the District of Delaware; and (g) all entities requesting notice pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

14. Pursuant to sections 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), the holders of claims in the Unimpaired Non-Voting Classes are conclusively deemed to accept and holders of interests in the Impaired Non-Voting Class are conclusively deemed to reject the Plan. The Debtors' shall serve upon the Unimpaired Non-Voting Classes a notice of non-voting status substantially in the form attached hereto as <u>Exhibit 3</u> (the "<u>Notice of Unimpaired Non-Voting Status</u>") and upon the Impaired Non-Voting Class a notice of non-voting status substantially in the form attached to the Disclosure Statement Order as <u>Exhibit 4</u> (the "<u>Notice of Impaired Non-Voting Status</u>," and together with the Notice of Unimpaired Non-Voting Status, the "<u>Notices of Non-Voting Status</u>").

15. The Debtors are excused from mailing Solicitation Packages to those entities for which the Debtors have only Undeliverable Addresses unless the Debtors are provided with accurate addresses for such entities, in writing, on or before September 7, 2011. Failure to mail Solicitation Packages to such entities shall not constitute inadequate notice of the Confirmation Objection Deadline, the Confirmation Hearing, the Voting Deadline or any other matter. If a Solicitation Package is returned as undeliverable, the Voting Agent shall resend such Solicitation Package only once, provided that the United State Post Office has included a forwarding address at least ten (10) business days before the Voting Deadline.

16. The Debtors and the Voting Agent are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further Order of the Court.

17. The Debtors' exclusive period for soliciting acceptances of a plan is hereby extended from September 19, 2011 through and including October 31, 2011.

18. The Court shall retain jurisdiction over the interpretation and enforcement of this Order.

Dated: _Sept 7_, 2011
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE