# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| UBI Liquidating Corp., et al., | § | Case No. 10-13005 (KJC) |
| | § | |
| *Debtors*. | § | Jointly Administered |
| | § | |

## LIMITED OBJECTION OF DALLAS COUNTY, HARRIS COUNTY, JEFFERSON COUNTY AND TARRANT COUNTY TO JOINT PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

**To the Honorable Kevin J. Carey,
United States Bankruptcy Judge:**

NOW COME Dallas County, Harris County, Jefferson County and Tarrant County (the "Texas Taxing Authorities"), secured creditors in the above-numbered and styled bankruptcy case, and file this objection to the Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code (the "Plan"). In support of their objection, the Texas Taxing Authorities would show the Court as follows:

I.

The Texas Taxing Authorities are political subdivisions of the State of Texas.

II.

The Texas Taxing Authorities hold claims for delinquent property taxes for the 2010 tax year on Debtors' personal property. These property taxes were duly assessed in accordance with the laws of the State of Texas and constitute valid, liquidated secured claims against the Debtors' property entitled to priority over other secured claims under 11 U.S.C. § 506.

The laws of the State of Texas, Property Tax Code §32.05(b), give the tax liens securing the property taxes superiority over the lien of any other claim or lien against this property. The Texas Taxing Authorities' claims are for *ad valorem* taxes assessed against the Debtor on January 1 of each year pursuant to Texas Property Tax Code §§ 32.01 and 32.07. These taxes are secured by first priority liens on the property of the Debtors pursuant to Tex. Prop. Tax Code §§ 32.01 and 32.05.

1

The Texas Taxing Authorities' liens take priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code § 32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

III.

The Texas Taxing Authorities object to the Plan for the reason that it fails to properly provide for the payment of post-petition interest on the Texas Taxing Authorities' claims as required by 11 U.S.C. §§506(b). The Texas Taxing Authorities are entitled to post-petition interest at the statutory rate of 12% per annum, from the petition date continuing until such time as their claims are paid in full. 11 U.S.C. § 511; See also U.S.v. Graham, 59 Fed. Appx. 660 (6th Cir. 2003); and In re Marfin Ready Mix Corp., 220 B.R. 148 (Bankr. E.D. N.Y. 1998).

[concluded on the following page]

**WHEREFORE, PREMISES CONSIDERED**, the Texas Taxing Authorities respectfully pray that this Court sustain their objection to the Plan, that it accordingly deny confirmation of the Plan, and for such other and further relief, at law or in equity, as is just.

Dated: October 12, 2011

Respectfully submitted,

**LINEBARGER GOGGAN BLAIR & SAMPSON, LLP**

*/s/ John P. Dillman*
**JOHN P. DILLMAN**
Texas State Bar No. 05874400
**TARA L. GRUNDEMEIER**
Texas State Bar No. 24036691
Post Office Box 3064
Houston, Texas 77253-3064
(713) 844-3478 *Telephone*
(713) 844-3503 *Telecopier*

*Counsel for Dallas County, Harris County, Jefferson County and Tarrant County*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| UBI Liquidating Corp., et al., | § | Case No. 10-13005 (KJC) |
| | § | |
| *Debtors*. | § | Jointly Administered |
| | § | |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of *the Limited Objection of Dallas County, Harris County, Jefferson County and Tarrant County to Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code* was served upon the following entities by either electronic court filing or by United States mail, postage prepaid, on October 12, 2011:

Debtor
**Urban Brands, Inc., et al.**
100 Metro Way
Secaucus, NJ 07094

Debtors' Counsel
**Chun I Jang, Esq.**
**Julie A Finocchiaro**, **Esq.**
**L. Katherine Good, Esq.**
Richards, Layton & Finger, P.A.
920 North King Street
P.O. Box 551
Wilmington, DE 19899

Office of the United States Trustee
*U.S. Trustee*
**David L. Buchbinder, Esq.**
Office of the U.S. Trustee
J. Caleb Boggs Federal Building , Suite 2207
Wilmington, DE 19801

Official Committee of Unsecured Creditors
**Cathy R. Hershcopf, Esq.**
**Lawrence C. Gottlieb, Esq.**
Cooley Godward Kronish LLP
1114 Avenue of the Americas
New York, NY 10036

**Leslie C. Heilman, Esq.**
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801


    */s/ Tara L. Grundemeier*
    Tara L. Grundemeier