UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | CASE NO. 10-13005(KJC) |
| | § | Jointly Administered |
| UBI LIQUIDATING CORP., et al., | § | |
| | § | Chapter 11 |
| Debtors | § | |

**TEXAS COMPTROLLER OF PUBLIC ACCOUNTS' and TEXAS WORFORCE COMMISSION'S LIMITED OBJECTION TO JOINT PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

The Texas Comptroller of Public Accounts ("Texas Comptroller") and the Texas Workforce Commission ("TWC"), appearing through the Texas Attorney General's Office, hereby object to confirmation of the Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code ("Plan")[Docket No. 1384] on the following grounds:

**Texas Comptroller's Pending Claims**

1.  The Texas Comptroller filed an amended priority tax claim in the amount of $111,277.20 [Claim No. 765] and an amended administrative expense claim in the amount of $3,168.05 [Claim No. 764] in the Marianne USPR, Inc. case. The claims are based on a sales and use tax audit of the Debtor's books and records. The Texas Comptroller made an initial audit assessment on March 7, 2011. The Debtor timely requested a redetermination of the audit assessment, which prevented the audit assessment from becoming final. Since that time, the Texas Comptroller's auditor has attempted to work with the Debtor and obtain additional information concerning the Debtor's books and records. But the Debtor claims that the books and records are not available and no changes to the initial audit findings have been made.

2.  The Debtor has also failed to file its 2011 Texas franchise tax return. The 2011 franchise tax accrued in full on January 1, 2011. The 2011 franchise tax return and payment were originally due by May 15, 2011, but the Debtor requested an extension of time to file the

return.  The extension was granted and the 2011 tax return and payment were then due by August 15, 2011.  To date, the Debtor has neither filed the 2011 franchise tax return nor paid the 2011 franchise tax liability.

**Texas Workforce Commission's Pending Claims**

3.  The TWC filed administrative expense tax claims in the Marianne USPR, Inc. case (in the amount of $767.24) and in the Large Apparel of Texas, Inc. case (in the amount of $196.16)[Claim Nos. 798 and 799].  Both Debtors underpaid their Texas employment taxes for the first quarter of 2011 because they used the wrong tax rate to calculate the tax due.

**Objection to Treatment of Priority Tax Claims**

4.  The Plan, Art. II.B, provides for priority tax claims to be paid in full on the <u>latest</u> of three dates:  (1) the Plan's Effective Date, (2) when the claim becomes and allowed claim, or (3) when the tax is payable under applicable nonbankrutpcy law.  Although the taxes in the sales tax audit are already delinquent, it's unlikely the Texas Comptroller's tax claims will be allowed by the Plan's Effective Date because the Debtor disputes the audit assessment.

5.  The Texas Comptroller has tried to work with the Debtor to reach a final audit amount that is acceptable to both parties.  However, the Debtor has not produced the necessary records for the Texas Comptroller to complete the audit.  The Debtor claims that the records are not available, which may partly be explained by the sale of the Debtor's assets in 2010, including the Debtor's books and records.  However, the purchase agreement with New Ashley Stewart, LLC [Purchase Agreement, Sec. 7.8(d)] specifically provides that the buyer shall furnish to the Debtors "such information and assistance as is reasonably necessary . . . for any audit by any taxing authority. . . Such information and assistance shall include providing reasonable access to

all of the books and records of the [Debtors]." The Debtor should be able to obtain the necessary records from the buyer.

6. If the Texas Comptroller's audit assessment is contested through a claim objection, the final resolution of the allowed amount could be delayed for a substantial period. The Debtors have at least six months to object to the Texas Comptroller's claim (subject to extension by court order) and begin the claims resolution process [Plan, Art. VI.C.], and they are not required to pay the Texas Comptroller's claim while it is disputed. [Plan. Art. VI.A.]

7. In the event that payment to Texas Comptroller is delayed beyond the Plan's effective date for any reason, the Plan should provide that post-confirmation interest will accrue on the claim in accordance with applicable nonbankrutpcy law.

8. The failure to provide for post-effective date interest on priority tax claims that are not paid on the effective date violates 11 U.S.C. § 1129(a)(9)(C). Under § 1129(a)(9)(C), any deferred payments to priority tax creditors must be "of a total value, as of the effective date plan, equal to the allowed amount of such claim." The phrase "of a total value . . . equal to the allowed amount of such claim" means priority tax claimants are entitled to receive the present value of their claims. Present value is achieved by adding an appropriate rate of interest to any deferred payment. *See* Till v. SCS Credit Corporation, 124 S.Ct. 1951 (2004); Mississippi State Tax Commission v. Lambert (In re Lambert), 194 F.3d 679 (5th Cir. 1999). In the 2005 BAPCPA amendments, Congress provided that the appropriate rate of interest should be determined under applicable nonbankruptcy law. 11 U.S.C. § 511. Section 1129(a)(9)(C)'s provision that present value be "as of the effective date of the plan" provides the date from which priority tax claimants are entitled to receive the present value of their claims. Under the Plan as drafted, priority tax claimants that do not receive payment on the Plan's effective date will not

receive the "total value" of their claim because a payment made after the effective date without interest is not the economic equivalent of an identical payment made on the effective date.

**Objection to Treatment of Administrative Tax Claims**

9.　　Congress, in the 2005 BAPCPA amendments, specifically emphasized debtors' duties to timely file tax returns and to timely pay all taxes while enjoying the benefits granted under the Bankruptcy Code. First, Congress amended 28 U.S.C. § 960 to require that postpetition taxes "shall be paid on or before the due date of tax under applicable nonbankruptcy law." 28 U.S.C. § 960(b)(1). Second, Congress further emphasized the importance of timely filing and paying postpetition taxes by making a failure to comply with such tax requirements a basis for dismissal or conversion of the bankruptcy case. 11 U.S.C. § 1112(b)(4)(I). Finally, to remove any doubt about the Debtor's ability to pay such taxes without necessity of court order, Congress amended 11 U.S.C. § 503 to provide that "a governmental unit shall not be required to file a request for payment of (a postpetition tax or penalty) as a condition of its being an allowed administrative expense." 11 U.S.C. § 503(b)(1)(D).

10.　　The Texas Comptroller and TWC object to the Plan to the extent it requires the filing of an administrative expense claim (Article II.A.) as a condition of allowance. Bankruptcy Code § 1129(a)(9)(A) mandates that § 503(b) administrative expenses be paid in full on the Effective Date. Pursuant to § 503(b)(1)(D) of the Bankruptcy Code, governmental units are not required to file administrative expense claims for taxes incurred post-petition. To the extent there are post-petition tax liabilities owed the Texas Comptroller and the TWC, which are delinquent as of the Effective Date, they should be paid in full at that time.

Accordingly, the Texas Comptroller and TWC object to confirmation of the Plan unless adequate changes are made to address the above-listed objections.

>Respectfully submitted,
>
>GREG ABBOTT
>Attorney General of Texas
>
>DANIEL T. HODGE
>First Assistant Attorney General
>
>BILL COBB
>Deputy Attorney General for Civil Litigation
>
>RONALD R. DEL VENTO
>Assistant Attorney General
>Chief, Bankruptcy & Collections Division
>
>*/s/ John Mark Stern*
>JOHN MARK STERN
>Assistant Attorney General
>Bankruptcy & Collections Division
>P. O. Box 12548
>Austin, TX 78711-2548
>Telephone: (512) 475-4868
>Facsimile: (512) 482-8341
>
>ATTORNEYS FOR THE TEXAS
>COMPTROLLER OF PUBLIC ACCOUNTS AND
>THE TEXAS WORKFORCE COMMISSION

## **CERTIFICATE OF SERVICE**

I certify that on October 12, 2011, a true copy of the foregoing was served by the method and to the following parties as indicated:

By First Class Mail:

Urban Brands, Inc.,
100 Metro Way
Secaucus, NJ 07094

By Electronic Means as listed on the Court's ECF Noticing System:

Richards, Layton & Finger, P.A.
Debtors Counsel
Attn: Mark D. Collins
920 North King Street
Wilmington, De 19801
Collins@rlf.Com

Cooley Llp
Counsel to Ucc
Attn: Lawrence C. Gottlieb
The Grace Building
1114 Avenue of The Americas
New York, NY 10036-7798
Lgottlieb@Cooley.Com

Ballard Spahr Llp
Counsel to Ucc
Attn: Leslie C. Heilman
919 N Market Street
12th Floor
Wilmington, DE 19801
Heilmanl@ballardspahr.Com

Office of the US Trustee Delaware
David L. Buchbinder, Esq.
844 King St Ste 2207
Lockbox 35
Wilmington, De 19801

>*/s/ John Mark Stern*
> JOHN MARK STERN