# United States Bankruptcy Court
## District of Delaware

In re UBI Liquidating Corp., *et al.*

Chapter 11
Case No. 10-13005 (KJC)
Jointly Administered

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111 (a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim references in this evidence and notice.

| | |
|---|---|
| Long Shore Ventures Corp. | Jeffrey Craig, Ltd. |
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): 6<u>57</u><br>Amount of Claim: $94,710.75<br>Date Claim Filed: January 24, 2011 |
| Long Shore Ventures, LLP<br>c/o SILVERMANACAMPORA LLP<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>Attn: Ronald J. Freidman, Esq. | |
| Phone: (516) 479-6300<br>Last Four Digits of Acct #:_____ | Phone:<br>Last Four Digits of Acct #:_____ |
| Name and Address where transferee payments should be sent (if different from above): | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____/s/ Ronald J. Freidman_____  Date: October 18, 2011
Ronald J. Freidman
SILVERMANACAMPORA LLP
Attorneys for Jeffrey Craig, Ltd.

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

057050/1005293.1/BSS

# United States Bankruptcy Court
## District of Delaware

In re UBI Liquidating Corp., *et al.*

Chapter 11
Case No. 10-13005 (KJC)
Jointly Administered

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. <u>657</u> was filed under U.S.C. §1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on October 18, 2011.

| | |
|---|---|
| Jeffrey Craig, Ltd. | Long Shore Ventures Corp. |
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| Jeffrey Craig, Ltd.<br>c/o SILVERMANACAMPORA LLP<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>Attn: Ronald J. Freidman, Esq. | Long Shore Ventures Corp.<br>c/o SILVERMANACAMPORA LLP<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>Attn: Ronald J. Freidman, Esq. |

### ~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
**CLERK OF THE COURT**

# CLAIM ASSIGNMENT AGREEMENT

This Assignment of Claim Agreement (the "**Assignment Agreement**") is made and entered into as of October 18, 2011, by and among Long Shore Ventures Corp. ("**Assignee**"), on the one hand, and, on the other hand, Jeffrey Craig, Ltd. ("**Assignor**").

**WHEREAS**, the Assignor desires to assign, and Assignee desires to toke assignement, of the claims set forth on Schedule 1 hereto pursuant to the terms and conditions more fully set forth below; and

**WHEREAS**, on January 20, 2011, Assignor filed a proof of claim in the aggregate amount of $894,321.25, seeking (a) a Bankruptcy Code §503(b)(9) priority in the amount of $341,871.50, and (b) a general unsecured amount of $552,449.75, which has been designated Claim No. 520 ("**Claim 520**") against the jointly administered bankruptcy estates of UBI Liquidating Corp., et al. (collectively "**UBI**"), Case No. 10-13005 pending in the United States Bankruptcy Court for the District of Delaware;[1] and

**WHEREAS**, on January 24, 2011, Assignor filed a proof of claim seeking a Bankruptcy Code §503(b)(9) priority in the amount of $94,710.75, which has been designated Claim No. 657 ("**Claim 657**", together with Claim 520, the "**Claims**") against UBI;[2] and

**NOW, THEREFORE**, in consideration of the premises and mutual covenants and agreements contained herein, the parties hereby agree as follows:

1. **Assigned Claims.** Assignor hereby assigns all of its right, title and interest in and to the Claims against the Debtors in their particular Cases, Court and Claim Amounts identified on Schedule 1 hereto, and all rights and benefits of the Assignor relating to its respective Claims, including without limitation the numbered Proof of Claim identified on Schedule 1 hereto and the Assignor's rights to receive payment of principal, and any interest, penalties and fees, which may be paid with respect to or in satisfaction of the respective Claims, and all cash, securities, instruments and other property that may be paid or issued by Debtors with respect to or in satisfaction of the respective Claims, and all voting rights with respect to any of the foregoing. The assignment of each of the Claims pursuant to this Assignment Agreement shall be deemed an absolute and unconditional assignment of the respective Claims for the purpose of collection and shall not be deemed to create a security interest except as otherwise provided herein. Assignee is assuming no liabilities or obligations of Assignor under this Assignment Agreement.

2. **Consideration.** The consideration for the assignment of the Claims is a setoff of previous obligations owed by Assignee to Assignor.

3. **Limited Power of Attorney.** Assignor hereby irrevocably appoints Assignee as its true and lawful agent and attorney-in-fact, solely with respect to its respective Claims, with the

---

[1] Claim 520 is the subject of a Claims Objection filed by UBI, whereby UBI seeks to reduce Claim 520 to (a) a Bankruptcy Code §503(b)(9) priority in the amount of $321,633.00, and (b) a general unsecured amount of $325,791.35.

[2] Claim 657 is the subject of a Claims Objection filed by UBI, whereby UBI seeks to reduce Claim 657 to a Bankruptcy Code §503(b)(9) priority in the amount of $10,000.00.

full power and authority to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim and to exercise all elections, voting rights and all other rights and remedies with respect thereto. Assignor further grants unto Assignee full authority to do all things necessary to enforce the respective Claims and its rights thereunder pursuant to this Assignment Agreement. Assignor agrees that the powers granted by this paragraph are coupled with an interest, and are therefore irrevocable, and are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option.

4. Binding Effect. The terms of this Assignment Agreement shall be binding upon, and shall inure to the benefit of, each Assignor, Assignee and their respective successors and assigns.

5. Miscellaneous Provisions. Assignor hereby acknowledges that Assignee may at any time reassign the Claim assigned by such Assignor as set forth on Schedule 1, together with all right, title and interest of Assignee in and to this Assignment Agreement.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets its hand this 18 day of October, 2011.

**Jeffrey Craig, Ltd.** for itself

By: _/s/ Jeffrey Zipes_
Jeffrey Zipes
President

Address: 1384 Broadway
NY, NY 10018

**Long Shore Ventures Corp.** for itself

By: _/s/ Jeffrey Zipes_
Jeffrey Zipes
President

Address: c/o Silverman Acampora LLP
100 Jericho Quadrangle
Suite 300
Jericho, New York 11753

## SCHEDULE 1

| Assignor | Debtor | Case No. | Court | Proof of Claim Nos. | Claim Classification | Claim Amount |
|---|---|---|---|---|---|---|
| Jeffrey Craig, Ltd. | UBI Liquidating Corp. f/k/a Urban Brands, Inc. | Chapter 11 Case No. 10-13005 (KJC) | U.S. Bankr. Court D. Delaware | 520[3] | 503(b)(9) | $341,871.50 |
|  |  |  |  |  | General Unsecured | $552,449.75 |
| Jeffrey Craig, Ltd. | UBI Liquidating Corp. f/k/a Urban Brands, Inc. | Chapter 11 Case No. 10-13005 (KJC) | U.S. Bankr. Court D. Delaware | 657[4] | 503(b)(9) | $94,710.75 |

[3] Claim 520 is the subject of a Claims Objection filed by UBI, whereby UBI seeks to reduce Claim 520 to (a) a Bankruptcy Code §503(b)(9) priority in the amount of $321,633.00, and (b) a general unsecured amount of $325,791.35.

[4] Claim 657 is the subject of a Claims Objection filed by UBI, whereby UBI seeks to reduce Claim 657 to a Bankruptcy Code §503(b)(9) priority in the amount of $10,000.00.